■ In the Matter of the Claim of FLORENCE DOBRIN, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 28, 1974, which reversed a referee's decision and affirmed the initial determination of the Industrial Commissioner that the claimant was disqualified from receiving benefits because she left her employment without good cause. The claimant concedes that she voluntarily left her employment and, thus, she is automatically disqualified from benefits unless she demonstrates good cause for such a leaving (Labor Law,§ 593, subd 1). The existence of good cause is a factual matter for the board and if supported by substantial evidence its determination that good cause was lacking is final (*Matter of D'Arcangelis [Catherwood],* 29 AD2d 706; *Matter of Hyman [Catherwood],* 26 AD2d 978). The claimant herein gave her reason for quitting as "too much work and too much tension" in her original claim for benefits. At the hearing held on this claim, the claimant testified that she had told her employer that she was tired—"the tension and work was too much". Also at that hearing the claimant acknowledged that she had stated that she "had no medical problem" at the local office interview. She did not testify that her doctor had advised her to leave the position, but merely that when she told him she was quitting, he thought it was a good idea. Upon the foregoing evidence, the claimant did not conclusively establish good cause and the board's determination that she left for noncompelling reasons is supported by substantial evidence. The claimant also raises the question of whether or not the appeal to the Unemployment Insurance Appeal Board on behalf of the employer is negated because it was initiated by another corporation employed by the employer for the purpose of representing it in this proceed-

ings. Since the board's jurisdiction is statutory, the issue is one which may be raised for the first time in this court as an issue of law. Subdivision 1 of section 538 of the Labor Law expressly provides that parties to unemployment proceedings may be represented by "agents" who are not lawyers. The Labor Law does not contain any restriction on corporations as agents and, accordingly, the appeal to the Appeal Board must be deemed properly taken for jurisdictional purposes (see Labor Law, § 621). Assuming for present purposes that the corporate agent was in fact practicing law in violation of section 495 of the Judiciary Law, such fact would not render the assumption of jurisdiction by the Unemployment Insurance Appeal Board invalid or void. The present proceeding, which does not include the corporate agent or its employer as parties, cannot be utilized by the claimant's attorney as a proceeding to determine whether or not the corporate agent had in fact violated section 495 of the Judiciary Law and we do not at this time make any determination of such question. Decision affirmed, without costs. Herlihy, P. J., Greenblott, Kane, Main and Larkin, JJ., concur.