OPINION OF THE COURT
George B. Ceresia, Jr., J.
The petitioner Board of Education of Union-Endicott Central School District (School Board) in this CPLR article 78 proceeding seeks an order annulling a determination of the respondent Public Employment Relations Board (PERB) made on May 31, 1995 as being in excess of its jurisdiction, a result of an error of law, arbitrary and capricious, made in violation of lawful procedures, being an abuse of discretion, not supported by substantial evidence and made as a result of PERB’s failure to perform a duty enjoined upon it by law. The determination at issue affirmed a decision by PERB’s director which found that the Endicott Teachers’ Association (Teachers’ Association) was entitled to be certified as the exclusive negotiating agent for former members of the collective bargaining association known as Organization of Teaching Assistants and School Nurses (OTASN). A brief description of the history of this dispute is necessary.
In January of 1986 OTASN was formed for purposes of collective bargaining with the petitioner. Members of OTASN were teaching assistants and school nurses. Petitioner and OTASN entered into a collective bargaining agreement for a two-year period commencing on June 30, 1986. A second collective bargaining agreement was subsequently executed between the same parties for the period July 1, 1989 to June 30, 1992. In early 1992 OTASN affiliated with parent union, New York *286 State United Teachers (NYSUT), which thereafter commenced negotiations with petitioner on OTASN’s behalf. Negotiations resulted in an impasse, even after the intervention of a mediator. In November of 1993 all members of OTASN resigned and the president of OTASN wrote a letter to petitioner advising that OTASN would no longer act as bargaining agent. On December 1, 1993 the Teachers’ Association petitioned PERB to represent the former members of OTASN. A hearing was held before an Administrative Law Judge on April 21, 1994. By decision dated November 29, 1994 the director of PERB found that the Teachers’ Association was entitled to be certified as the exclusive negotiating agent for the former members of OTASN. Petitioner appealed the director’s decision, which was affirmed by PERB on May 31, 1995.
The petitioner alleges that PERB’s determination was improper in several respects. Petitioner argues that actions taken by members of OTASN in the middle of ongoing contract negotiations — in resigning from OTASN, disbanding, and joining the Teachers’ Association — were a subterfuge the sole purpose of which was to achieve a stronger negotiating position at the bargaining table. Petitioner points out that a nonlawyer represented the Teachers’ Association at the administrative hearing. Petitioner argues that the Administrative Law Judge erred in not requiring the Teachers’ Association to appear by an attorney. Petitioner asserts that the November 29, 1994 decision was improper since it was not made by the Administrative Law Judge who heard the case, but rather by PERB’s director. Petitioner also maintains that PERB’s determination was arbitrary and capricious, not supported by substantial evidence and effected by errors of law.
Respondent Kathleen Osiecki, president of OTASN, has made a motion to dismiss the petition on grounds of failure to state a cause of action arguing that since OTASN was not made a party to the proceeding before PERB that OTASN is not a proper party to the instant proceeding.
With regard to the issue involving representation of the Teachers’ Association by a nonlawyer, petitioner refers the court to Judiciary Law § 478[1] and Judiciary Law § 484.[2] It is undisputed that the representative of the Teachers’ Associa *287 tian who participated in the hearing before the Administrative Law Judge was not a licensed attorney.* [3] "[T]he Court of Appeals has held that the practice of law in this State, including the giving of legal advice and counsel as well as appearing in courts, is forbidden to all but duly licensed New York attorneys (Spivak v Sachs, 16 NY2d 163).” (Jemzura v McCue, 45 AD2d 797 [3d Dept 1974], appeal dismissed 37 NY2d 750; see also, El Gemayel v Seaman, 72 NY2d 701, 705 [1988].) The purpose of Judiciary Law § 478 is "to protect the public in this State from 'the dangers of legal representation and advice given by persons not trained, examined and licensed for such work, whether they be laymen or lawyers from other jurisdictions’ ” (El Gemayel v Seaman, supra, at 705, quoting Spivak v Sachs, 16 NY2d 163, 168, supra).
The rules and regulations applicable to certification of employee organizations are found in part 202 of 4 NYCRR. Under 4 NYCRR 202.7 proceedings in connection with hearings shall be those specified in 4 NYCRR 201.9 (a) (2); (b)-(e). 4 NYCRR 201.9 (e) (1) recites in part: "Any party shall have the right to appear at any hearing in person, by counsel, or by other representative” (emphasis supplied). The court is mindful of State Administrative Procedure Act § 501 which grants the right of a person appearing before an administrative agency to appear with counsel. State Administrative Procedure Act § 501 also recites: "Nothing herein shall be construed either to grant or *288 to deny to any person who is not a lawyer the right to appear for or represent others before any agency.”[4]
Petitioner distinguishes the situation at bar from those instances where the State Legislature has expressly authorized nonattorneys to represent parties before administrative agencies (see, Labor Law § 538, which requires authorized agents to be registered in order to represent individuals in proceedings before the appeal board; see also, Workers’ Compensation Law § 24-a, which requires a nonattorney representative to be licensed by the Workers’ Compensation Board). Petitioner asserts that the lay representative of the Teachers’ Association, unfettered by the Code of Professional Responsibility applicable to licensed attorneys, had direct ex parte communications with the Administrative Law Judge. The court finds that in the absence of legislation of authorization, the rules of PERB, specifically 4 NYCRR 201.9 (e) (1), contravene Judiciary Law § 478. It was therefore improper for the Administrative Law Judge to permit the hearing to proceed where a timely objection was made with respect to the nonattorney status of the representative of the Teachers’ Association. Since objection was timely made continuation of the hearing with the Teachers’ Association’s lay representative rendered the proceeding defective. This error requires that the instant matter be remanded to PERB for a new hearing.[5]
Turning to the issue of failure of the Administrative Law Judge who heard the case to make the determination, the court observes that 4 NYCRR 202.8 (entitled "Decision by director”) recites: "Upon completion of the proceedings, the director shall issue a decision and submit the record of the case to the board” (emphasis supplied). 4 NYCRR 201.9 (a) (2) permits the hearing to be conducted by an Administrative Law Judge.
*289 The court is mindful that in judicial forums a Judge is prohibited from deciding or taking part in a decision of a question which was argued orally in court when he was not present and sitting therein as a Judge (see, Judiciary Law § 21). The same rule should apply with respect to proceedings before an administrative agency. Contrary to the assertions of PERB, there is nothing contained in the civil service rules and regulations which mandates that the director make the decision. The director is only required to "issue” the decision, which the court interprets to mean to publish, disseminate and/or distribute same. Nor has there been a showing that it was "impractical” for the Administrative Law Judge who conducted the hearing to render a decision (see, State Administrative Procedure Act § 303).
The court concludes, under principles of fundamental fairness and due process, that the Administrative Law Judge who heard the case, who was present to assess the credibility of witnesses, should have been the individual who made the administrative determination (see, Smith v State of New York, 214 NY 140 [1915] [Cardozo, J.]; cf., Kelly v Duffy, 144 AD2d 792 [3d Dept 1988]). The court finds the district director’s action in assuming the responsibilities of the Administrative Law Judge to make a determination in this matter arbitrary and capricious and irrational. For this reason too, the instant matter must be remanded to PERB.
With respect to OTASN’s motion to dismiss it would appear that while OTASN intervened in the companion proceeding before PERB (case No. CP-323), OTASN was never formally made a party to the subject proceeding (case No. C- 4199).[6] OTASN’s motion to dismiss should therefore be granted.
Since issues related to OTASN’s nonresumption of collective bargaining with petitioner were not the subject matter of the instant proceeding (even though such issues underlie and were incidental to certification of the Teachers’ Association as the new bargaining unit for teaching assistants and school nurses) the court will not direct OTASN or its successor to resume collective bargaining with petitioner.
In view of the foregoing, there is no need to transfer the instant proceeding to the Appellate Division pursuant to CPLR 7804 (g).
*290 Accordingly, it is ordered, that the motion to dismiss made by Kathleen Osiecki, president of the Organization of Teaching Assistants and School Nurses of the Union-Endicott Central School District, be and hereby is granted; and it is further ordered, that the petition be and hereby is dismissed as to Kathleen Osiecki, president of the Organization of Teaching Assistants and School Nurses of the Union-Endicott Central School District; and it is further ordered, that the relief requested in the petition be and hereby is granted in part; and it is ordered, that the decision of the Public Employment Relations Board dated May 31, 1995 be and hereby is annulled and set aside; and it is further ordered, that the instant matter be remanded to the Public Employment Relations Board for a new hearing and decision in keeping with this decision-order; and it is further ordered, that all other relief requested in the petition be and hereby is denied.

. Judiciary Law § 478 recites in part: "It shall be unlawful for any natural person to practice or appear as an attorney-at-law or as an attorney and counselor-at-law for a person other than himself in a court of record in this state, or to furnish attorneys or counsel or an attorney and counsel to render legal services, or to hold himself out to the public as being entitled to practice *287 law as aforesaid, or in any other manner, or to assume to be an attorney or counselor-at-law, or to assume, use or advertise the title of lawyer, or attorney and counselor-at-law, or attorney-at-law or counselor-at-law, or attorney, or counselor, or attorney and counselor, or equivalent terms in any language, in such manner as to convey the impression that he is a legal practitioner of law or in any manner to advertise that he either alone or together with any other persons or person has, owns, conducts or maintains a law office or law and collection office, or office of any kind for the practice of law, without having first been duly and regularly licensed and admitted to practice law in the courts of record of this state, and without having taken the constitutional oath.”

. Judiciary Law § 484 recites in part: "No natural person shall ask or receive, directly or indirectly, compensation for appearing for a person other than himself as attorney in any court or before any magistrate, or for preparing * * * pleadings of any kind in any action brought before any court of record in this state, or make it a business to practice for another as an attorney in any court or before any magistrate unless he has been regularly admitted to practice, as an attorney or counselor, in the courts of record in the state.”

. The Teachers’ Association representative was a "labor relations specialist” employed by the NYSUT.

. State Administrative Procedure Act § 102 defines "agency” as any department, board, bureau, etc., of the State, at least one of whose members is appointed by the Governor, authorized by law to make rules or final decisions in adjudicatory proceedings. Under Civil Service Law § 205 the Public Employment Relations Board consists of three members appointed by the Governor. It would appear therefore that State Administrative Procedure Act governs proceedings before PERB.

. The court has reviewed the case of Dobrin v Levine (50 AD2d 657 [3d Dept 1975]). That case is distinguishable in at least two respects. First, in that case the issue of representation by a nonattorney corporate agent was raised for the first time in the Appellate Division as a matter of law. Secondly, the Appellate Division noted that Labor Law § 538 expressly provides that parties to unemployment proceedings may be represented by agents who are not lawyers.

. According to the decision of director dated November 29, 1994 the two proceedings were "consolidated for hearing”. However, OTASN’s representative did not appear or participate in case No. C-4199.