■ In the Matter of BOARD OF EDUCATION OF THE UNION-ENDICOTT CENTRAL SCHOOL DISTRICT, Respondent-Appellant, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Appellants, and KATHLEEN OSIECKI, as President of the Organization of Teaching Assistants & School Nurses of the Union-Endicott Central School District, Respondent. [649 NYS2d 523] —Crew III, J. P. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered April 3, 1996 in Albany County, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Public Employment Relations Board granting an application by the Endicott Teachers' Association for certification as the exclusive negotiating agent for former members of the Organization of Teaching Assistants & School Nurses of the Union-Endicott Central School District.

In 1986, the Organization of Teaching Assistants & School Nurses of the Union-Endicott Central School District (hereinafter OTASN) was formed for the purpose of collective bargaining with petitioner. In 1993, OTASN ceased to be a bargaining agent for its members and the Endicott Teachers' Association (hereinafter the Association) petitioned respondent Public Employment Relations Board (hereinafter PERB) for certification to represent OTASN's former members. Thereafter, a hearing was held before an Administrative Law Judge (hereinafter ALJ) and, based upon the record compiled by the ALJ, PERB's Director of Public Employment Practices and Representation (hereinafter the Director) granted the petition, determining that the Association was entitled to be certified as the exclusive negotiating agent for former OTASN members. PERB subsequently rendered a determination affirming the Director's decision in this regard.

Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking to annul PERB's determination, and OTASN moved to dismiss the petition for failure to state a

cause of action as to it. Supreme Court granted OTASN's motion to dismiss, annulled PERB's determination due to certain alleged defects in the hearing process and remanded the matter to PERB for a new hearing. PERB and the Association now appeal from that part of Supreme Court's judgment that annulled PERB's determination and remanded the matter for a new hearing, and petitioner appeals from that portion of Supreme Court's judgment that dismissed the petition as to OTASN.

At the hearing conducted in this matter, the Association was represented by a nonlawyer—more specifically, a labor relations specialist. Petitioner objected to this procedure, contending that such representation constituted the unauthorized practice of law in violation of Judiciary Law § 478. Supreme Court found merit in petitioner's objection and concluded that this error rendered the hearing procedurally defective. We cannot agree. Judiciary Law § 478 provides, in relevant part, that "[i]t shall be unlawful for any natural person to practice or appear as an attorney-at-law or as an attorney and counselor-at-law for a person other than himself *in a court of record in this state*" (emphasis supplied). An administrative hearing, however, is not a court of record (*see*, Judiciary Law § 2); it is an adjudicatory proceeding governed by the State Administrative Procedure Act (*see*, State Administrative Procedure Act § 102 [3]; § 301 *et seq.*) and, as such, no violation of Judiciary Law § 478 occurred.

Similarly unpersuasive is the contention that the hearing was flawed because the resulting decision was not rendered by the ALJ who conducted the hearing.[1] In concluding that this aspect of the hearing was defective, Supreme Court relied upon Judiciary Law § 21, which provides that "[a] judge other than a judge of the court of appeals, or of the appellate division of the supreme court, shall not decide or take part in the decision of a question, which was argued orally in the court, when he was not present and sitting therein as a judge". This provision is, however, by its own terms inapplicable to the matter before us, as the administrative proceeding at issue did not occur in a "court" and the Director is not a "judge". Nor does the aforementioned procedure violate State Administrative Procedure Act § 303, which provides, in relevant part, that "[w]henever a presiding officer is disqualified or it becomes impractical for him to continue the hearing, another presiding officer may be assigned to continue with the case unless it is shown that substantial prejudice to the party will result therefrom".

---

1. As noted previously, although the ALJ presided over the hearing and took proof, the initial decision in this matter was rendered by the Director.

Here, there was no mid-hearing substitution of the ALJ. Moreover, although petitioner perceives numerous infirmities in the process at issue here, we need note only that final agency determinations are rendered every day by individuals or entities that did not preside over the hearings conducted in the first instance—a process that certainly is analogous to the one employed in this matter—and we fail to see how the procedure followed here deprived petitioner of due process.

As a final matter, we cannot say that PERB's determination is not supported by substantial evidence.[2] The record before us establishes that the disbanding of OTASN left its members without representation and that the Association, which wished to represent them, had a community of interest with OTASN's former members. Accordingly, we are of the view that PERB's determination should be confirmed and the petition dismissed. In light of this conclusion, petitioner's claim that OTASN should not have been dismissed from this proceeding has been rendered academic.

White, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as annulled a determination by respondent Public Employment Relations Board and remanded this matter for a new hearing; determination confirmed and petition dismissed; and, as so modified, affirmed. [See, 168 Misc 2d 284.]

---

2. Although Supreme Court did not reach this issue because it annulled PERB's determination on procedural grounds, the question of substantial evidence would compel transfer to this Court in any event (see, CPLR 7804 [g]) and, as such, we deem it appropriate to address this issue on appeal.