■ In the Matter of KEE YEE SHUM, Petitioner, v RICHARD F. DAINES, as Commissioner of Health, et al., Respondents. [891 NYS2d 549]—

Mercure, J.P.

Petitioner has been licensed to practice medicine in New York since 1982. He came under scrutiny due to his purchase of

oncological drugs from Canada, which federal investigators suspected—and petitioner steadfastly denied—he had inappropriately billed to Medicare. The investigation was ultimately resolved by a settlement agreement wherein petitioner and his wife agreed to pay the United States certain sums without making any "admission of liability."

Thereafter, the Bureau of Professional Medical Conduct commenced a referral proceeding against petitioner pursuant to Public Health Law § 230 (10) (p), alleging professional misconduct solely based upon the settlement agreement resolving the assertions of improper Medicare billing (*see* Education Law § 6530 [9] [c]). Following an expedited hearing, a hearing committee sustained the charge and issued a censure and reprimand.[1] Petitioner commenced this CPLR article 78 proceeding challenging the Hearing Committee's determination. We agree with petitioner that the Hearing Committee improperly determined that the settlement agreement fell within the ambit of Education Law § 6530 (9) (c) and annul its determination.

If the terms of a statute are clear and unambiguous, their plain meaning will be dispositive (*see Matter of Orens v Novello*, 99 NY2d 180, 185 [2002]). Moreover, we will not accord any special deference to the Hearing Committee's interpretation of Education Law § 6530 (9) (c), as the question presented is one of pure statutory interpretation (*see Matter of Polan v State of N.Y. Ins. Dept.*, 3 NY3d 54, 58 [2004]). That provision defines as professional misconduct the situation where a physician has "been found guilty in an adjudicatory proceeding of violating a state or federal statute or regulation, pursuant to a final decision or determination, and when no appeal is pending, *or after resolution of the proceeding by stipulation or agreement*, and when the violation would constitute professional misconduct pursuant to this section" (Education Law § 6530 [9] [c] [emphasis added]). Affording this unambiguous language its plain meaning, a referral proceeding would only be appropriate if the stipulation in question resolved an adjudicatory proceeding. Indeed, we have previously noted that this provision requires finality in an underlying administrative proceeding (*see Matter of Ricci v Chassin*, 220 AD2d 828, 829 [1995]). Here, the sole underlying proceeding was a civil action under the False Claims Act (31 USC § 3729 *et seq.*) dealing with inappropriate

---

1. Where, as here, a violation of Education Law § 6530 (9) is claimed, "Public Health Law § 230 (10) (p) provides for an expedited hearing limited to the nature and severity of the penalty to be imposed upon the licensee" (*Matter of Wolkoff v Chassin*, 89 NY2d 250, 252 n [1996]; *see Matter of Zahl v Daines*, 63 AD3d 1314, 1314 n [2009]).

Medicare billing for Canadian oncological drugs.[2] While the federal investigation of petitioner was prompted by that action, the record does not reflect that petitioner was a named party in it or any other proceeding, and the settlement agreement was intended to avoid the commencement of such proceedings. Accordingly, we conclude that the Hearing Committee erroneously determined that the settlement agreement fell under the terms of Education Law § 6530 (9) (c).

In light of the foregoing, we need not address petitioner's alternate ground for annulment.

Spain, Rose, Kane and Garry, JJ., concur. Adjudged that the determination is annulled, without costs, and petition granted.

---

2. An adjudicatory proceeding is defined as "any activity which is not a rule making proceeding or an employee disciplinary action before an agency," which would seemingly exclude a lawsuit from its scope (State Administrative Procedure Act § 102 [3]; see State Administrative Procedure Act § 102 [1]; §§ 301, 302; see e.g. Matter of Board of Educ. of Union-Endicott Cent. School Dist. v New York State Pub. Empl. Relations Bd., 233 AD2d 602, 603 [1996]). Given the lack of discussion on that point by the parties, however, we will assume without deciding that a lawsuit could constitute an adjudicatory proceeding.