■ In the Matter of RAYMOND L. MORELAND, Petitioner, v GORDON M. AMBACH, as Commissioner of Education, et al., Respondents. — Casey, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to annul a determination of respondent Commissioner of Education which revoked petitioner's license to practice medicine in New York State.

In 1979, petitioner, a physician licensed in New York State, was charged with professional misconduct in the treatment of certain patients for hypoglycemia. The charges were later amended to include additional patients. After hearings had been held, petitioner received a subpoena duces tecum in December 1980 which required him to produce records of three additional patients. His motion to quash the subpoena on the ground of irrelevancy was denied and petitioner's attempted appeal from the resulting order was not perfected. However, petitioner never did produce his records for one of those patients. On the evidence adduced at the hearing, the hearing committee for the State Board of Professional Medical Conduct concluded that petitioner was not guilty of fraudulently practicing medicine, but was guilty of gross negligence in two cases, ordinary negligence and incompetence in 11 cases, and unprofessional conduct in misdiagnosing patients and ordering unwarranted treatment.

The Commissioner of Health accepted this committee's findings and adopted its recommendation that petitioner's medical license be revoked. The Regents Review Committee found petitioner not guilty of charges (a) through (d) of the fourth specifi-

cation concerning unprofessional conduct, but accepted the penalty recommendation of revocation. Respondent Commissioner of Education accepted this modification and ordered that petitioner's license to practice as a physician in New York State be revoked.

In this proceeding, petitioner seeks to annul that determination. Contrary to petitioner's contention, we find in this record expert testimony showing petitioner's diagnoses of hypoglycemia to have been prematurely rendered or unwarranted, because certain glucose tolerance tests did not attain hypoglycemic levels or were not administered prior to diagnosis. There is also evidence that petitioner was aware of the psychological disorders of one of the patients and of the cancer of another and did not administer reasonable medical treatment. Since a reasonable person could find such treatment to be negligent and incompetent, respondents' determination is supported by substantial evidence (*see, Matter of Purdy v Kreisberg,* 47 NY2d 354, 358), which finding ends judicial inquiry (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181).

We further find untenable petitioner's claim that the denial of his request for severance of charges added in 1981 to the prior specifications of 1979 deprived him of due process. The additional charges did not involve a change in the character of the initial charges, but, rather, involved petitioner's negligent treatment of additional patients, an issue common to all charges, whether original or amended. Therefore, there was no abuse of discretion in the refusal to sever the charges.

Next, petitioner contends that the refusal to permit him to offer the testimony of satisfied patients denied him of his right to present witnesses in his own behalf. We disagree for the reason that any such testimony would have been irrelevant on the issue of petitioner's negligence (Richardson, Evidence § 4, at 3 [Prince 10th ed]).

Additionally, petitioner claims error in the finding of unprofessional conduct based on his failure to provide a patient's records. Significantly, he never perfected the appeal from the order denying his motion to quash the subpoena requiring the production of such records. Regulations of the Board of Regents provide that failure to produce relevant records requested during an investigation of unprofessional conduct is itself unprofessional conduct (8 NYCRR 29.1 [b] [13]). This regulation is not limited to subpoenas for records and any claimed insufficiency of the subpoena that was served is irrelevant. A finding of guilty in these circumstances is clearly supported.

Finally, the penalty of revocation of petitioner's license, based on a finding of petitioner's dispensing unwarranted injections of adrenal cortex extract and prescribing laetrile and other unconventional substances for the treatment of breast cancer, is not so shocking to one's sense of fairness (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 233) as to require modification.

Accordingly, the determination should be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.