**6** In the Matter of GEORGE L. COLVIN, Petitioner, v MARK CHASSIN, as Commissioner of the Department of Health of the State of New York, et al., Respondents. [625 NYS2d 351] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner is a licensed physician specializing in radiology and general family practice. At all times relevant to this proceeding, petitioner also served as a radiologic consultant for a private practitioner. In May 1993, the State Board for Professional Medical Conduct charged petitioner with six specifications of misconduct stemming from his treatment of patients A through E. Specifically, petitioner was charged with, *inter alia,* rendering diagnoses based upon X rays that were of such poor quality as to preclude adequate evaluation, inappropriately evaluating two patient's skulls by ultrasound, and keeping inadequate records with respect to two patients. In each case, the X ray or sonogram in question was taken in the private practitioner's office, with his equipment, and interpreted by petitioner. None of the specifications of misconduct dealt with petitioner's performance as a general practitioner.

Following a hearing, at which petitioner appeared and testified, the Hearing Committee sustained the enumerated specifications, finding that petitioner practiced with negligence and incompetence on more than one occasion with respect to patients A, B, D and E and failed to keep adequate records with respect to patients A and D.[1] As to penalty, the Hearing Committee revoked petitioner's license to practice medicine in its entirety and imposed a fine of $40,000. Petitioner then appealed the Hearing Committee's decision to respondent Administrative Review Board for Professional Medical Conduct (hereinafter the Board), which sustained both the Hearing Committee's finding of guilt and the penalty imposed. Thereafter, by order to show cause containing a temporary stay permitting him to continue his family practice only, petitioner commenced this CPLR article 78 proceeding challenging the Board's determination as to penalty.[2]

Petitioner, as so limited by his brief, initially contends that the Hearing Committee's decision is affected by an error of

1. No findings were made with respect to patient C.
2. Petitioner's subsequent motion for a stay pending resolution of this proceeding was denied by this Court.

law and that in adopting the Hearing Committee's findings and conclusions, the Board committed the same error. In reaching its determination as to penalty, the Hearing Committee acknowledged that the charges of misconduct related solely to petitioner's practice as a radiologist and that his performance as a general practitioner was not in question. The Hearing Committee nevertheless revoked petitioner's license to practice medicine in its entirety, concluding that "since a license to practice medicine permits the practitioner to own and operate x-ray and ultrasonic equipment, [it] could see no way to restrict [petitioner's] ability to practice radiology * * * without revoking his license to practice any medicine at all".

To the extent that the Hearing Committee's decision as to penalty was based upon the belief that petitioner's practice of medicine could not be limited to a particular area, this clearly was error inasmuch as Public Health Law § 230-a expressly authorizes, *inter alia,* partially suspending a license for a specified period of time or until the licensee completes a course of retraining (Public Health Law § 230-a [2]) or limiting the license to a specified area or type of practice (Public Health Law § 230-a [3]). Although it is difficult to discern from the text of the Board's decision whether it too shared the Hearing Committee's erroneous belief in this regard, that issue need not detain us, as we agree with petitioner that the penalty imposed was unduly harsh under the circumstances.

It is well settled that "[i]n reviewing the propriety of physician discipline, we are restricted to determining only whether the penalty [imposed] is so incommensurate with the offense as to shock one's sense of fairness" *(Matter of D'Amico v Commissioner of Educ. of State of N. Y.,* 167 AD2d 769, 771; *see generally, Matter of Adler v Bureau of Professional Med. Conduct,* 211 AD2d 990). Based upon our review of the record as a whole, we are persuaded that this proceeding presents one of those rare instances where the penalty imposed truly is shocking.

Although petitioner's deficiencies in the practice of radiology are well documented and supported by the record, it must be remembered that petitioner's performance as a general practitioner never was in issue. Additionally, while respondents argue on review that petitioner's deficiencies as a radiologist "demonstrat[e] a lack of medical knowledge and skill on [his] part which implicate[s] his general competence to practice medicine", neither the Hearing Committee nor the Board made any such finding and, in our view, the record would not

support such a conclusion in any event. In short, although the record before us certainly would support limiting petitioner's license to practice medicine to general family practice, it does not contain sufficient proof to support the Board's decision to revoke petitioner's license in its entirety *(see, e.g., Matter of Sarosi v Sobol,* 155 AD2d 125). Accordingly, this matter must be remitted to the Board for reconsideration of the penalty.

We are similarly persuaded that the fine imposed by the Board constituted an abuse of discretion *(see generally, Matter of Rudell v Commissioner of Health of State of N. Y.,* 194 AD2d 48, 50, *lv denied* 83 NY2d 754 [judicial review limited to ascertaining whether Board's determination was made in violation of lawful procedure, was affected by an error of law, was arbitrary and capricious or constituted an abuse of discretion]). Concededly, Public Health Law § 230-a (7) permits the imposition of a fine not to exceed $10,000 "upon each specification of charges of which the [licensee] is determined to be guilty" and does not expressly limit the imposition of such fines where, as here, two of the sustained specifications are based upon the same underlying factual findings. In our view, however, the mere fact that the identical conduct violated two separate provisions of Education Law § 6530[3] does not justify the imposition of separate monetary fines, and the Board's determination to the contrary was an abuse of discretion *(see, Matter of Klein v Sobol,* 167 AD2d 625, 630, *lv denied* 77 NY2d 809; *cf., Matter of Memorial Hosp. v Axelrod,* 118 AD2d 938, 941, *affd* 68 NY2d 958). Accordingly, the fine imposed should be reduced by $10,000. Petitioner's remaining arguments have been examined and found to be lacking in merit.

Cardona, P. J., Mikoll, Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as revoked petitioner's license to practice medicine and fined him $40,000; fine reduced to $30,000 and matter remitted to respondent Administrative Review Board for Professional Medical Conduct for reconsideration of the penalty in accordance with this Court's decision; and, as so modified, confirmed.

---

**3.** Petitioner was found guilty of practicing with negligence on more than one occasion *(see,* Education Law § 6530 [3]) and, based upon the same facts, practicing with incompetence on more than one occasion *(see,* Education law § 6530 [5]).