■ In the Matter of JOACHIM AMATO, Petitioner, v STATE OF NEW YORK DEPARTMENT OF HEALTH et al., Respondents. [645 NYS2d 600] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c) to review a determination of respondent Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner, a licensed physician specializing in obstetrics and gynecology, was charged with 12 specifications of misconduct stemming from his treatment of five obstetrical patients. After a hearing before a Hearing Committee of the New York State Board for Professional Medical Conduct, petitioner was found guilty of practicing both negligently and incompetently on more than one occasion. The Hearing Committee ordered that petitioner's license to practice medicine be suspended until his skills were evaluated and he completed a course of retraining. Both parties appealed and the Administrative Review Board for Professional Medical Conduct (hereinafter the ARB) unanimously sustained the Hearing Committee's determination, finding petitioner guilty of professional medical misconduct, but overturned the Hearing Committee's penalty, concluding instead that revocation of petitioner's license was the "only" appropriate penalty. Petitioner commenced this CPLR article 78 proceeding to challenge the ARB's determination.

Primarily, petitioner argues that the ARB erred in imposing the penalty it did, in view of the Committee's explicit findings that he had demonstrated the motivation to improve his skills,

a receptiveness to further education, and some insight and ability to improve. Petitioner contends that the ARB exceeded its authority by making new factual findings with respect to his capacity for rehabilitation and retraining; we are unconvinced.

When reviewing the penalty imposed by a Hearing Committee, the ARB must consider, *inter alia*, whether the sanction is "consistent with the [Hearing Committee's] findings of fact", and also whether it is "appropriate and within the scope of penalties permitted" (Public Health Law § 230-c [4] [b]; *see, Matter of Kabnick v Chassin*, 223 AD2d 935, 937, *lv granted* 88 NY2d 801). The ARB concluded, on the basis of the Hearing Committee's findings—which included an expression of concern over the fact that some of petitioner's testimony indicated a lack of familiarity with basic concepts of medicine, as well as specific findings demonstrating repeated instances of similar misconduct—that petitioner had been shown to "lack[ ] insight into his deficiencies" and "lack[ ] the general competence to practice medicine", such that neither the suspension and retraining that had been ordered, nor a limitation of petitioner's practice to areas other than obstetrics, would be sufficient to protect the public from further harm. In so holding, the ARB was doing nothing more than exercising its statutory prerogative to determine whether the penalty was consistent with the findings of fact, and "appropriate", given the misconduct proven. Significantly, its decision to revoke petitioner's license was predicated upon the nature and pattern of the misconduct itself, as well as the lack of judgment it evinced, and not, as petitioner suggests, upon a charge that was never made against him (*compare, Matter of Ahsaf v Nyquist*, 37 NY2d 182, 185).

Where, as here, there is adequate foundation in the record for the ARB's determination, the fact that it has reached conclusions different from those arrived at by the Hearing Committee is not a reason for overturning the ARB's decision as arbitrary, capricious, or beyond its authority (*see, Matter of Spartalis v State Bd. for Professional Med. Conduct*, 205 AD2d 940, 942, *lv denied* 84 NY2d 807; *cf., Matter of Wapnick v New York State Bd. for Professional Med. Conduct*, 203 AD2d 728, 729). And given the repeated instances of misconduct proven, and the risk to the public posed thereby, we are disinclined to find the penalty of revocation unduly harsh (*see, Matter of Chace v DeBuono*, 223 AD2d 961, 962; *Matter of Chua v Chassin*, 215 AD2d 953, 956, *lv denied* 86 NY2d 708; *Matter of Matala v Board of Regents*, 183 AD2d 953, 956).

Petitioner also maintains that the Administrative Law Judge

(hereinafter ALJ) erred in excluding, as irrelevant and unnecessary, the testimony of two of petitioner's patients, who, he contended, would attest to the excellent care they had received from him, as well as to his character in general. As the ALJ properly noted, the testimony of other patients is generally irrelevant in cases of this type (*see, Matter of Moreland v Ambach*, 111 AD2d 533, 534, *lv denied* 65 NY2d 610). Furthermore, petitioner had already been permitted to elicit testimony from two other character witnesses. This ruling, like the limitations placed on petitioner's cross-examination of the expert witnesses against him, represented a reasonable balance between his right to defend himself and the desire to avoid extended testimony about peripheral, and only marginally probative, matters, and cannot be said to have infused the entire proceeding with unfairness (*see, Matter of Ackerman v Ambach*, 142 AD2d 842, 845, *affd* 73 NY2d 323).

Also to no avail are petitioner's claims that the disqualification of one member of the Hearing Committee, on conflict of interest grounds, deprived him of a fair hearing, and that the ALJ erred in permitting the hearing to proceed for one day prior to the appointment of a substitute panel member (*see, Matter of Briggs v Board of Regents*, 188 AD2d 836, 837, *lv denied* 81 NY2d 708). The remainder of petitioner's arguments have been considered and found devoid of merit.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.