■ In the Matter of JOSEPH SARFO, Petitioner, v BARBARA DE-BUONO, as Commissioner of the New York State Department of Health, et al., Respondents. [652 NYS2d 852] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner, a board-certified pediatrician licensed to practice medicine in New York, was charged by the Bureau of Professional Medical Conduct (hereinafter BPMC) with two counts of professional misconduct, namely, practicing fraudulently and filing a false report. The charges arose from petitioner's application for employment as a physician with Mid-Island Hospital in Nassau County. Petitioner answered "no" to the question, "Have you ever been suspended, sanctioned, or otherwise restricted from participating in any private, federal or state health insurance program (for example, Medicare, Medicaid)?" At the time that petitioner completed the application, he had been suspended from participating in the Medicaid

program for a period of five years, beginning August 1, 1990, and his name was included on a list of persons not permitted to order or prescribe services reimbursed by Medicaid.

Pursuant to Public Health Law § 230, a Hearing Committee of the State Board for Professional Medical Conduct found, *inter alia*, at the close of the hearing, that petitioner "knowingly and willfully falsified the facts as to his eligibility to receive reimbursement from Medicaid for his services and, therefore, has practiced medicine fraudulently". Based on the findings, the Hearing Committee ordered that petitioner be placed on six months' probation but, however, suspended the probation period.

Respondent appealed the Hearing Committee's decision to respondent Administrative Review Board for Professional Medical Conduct (hereinafter the ARB). The ARB, ruling on the papers submitted, sustained the Hearing Committee's finding of guilt, but overturned the Hearing Committee's determination as to penalty. The ARB found the penalty inappropriate due to the serious nature of the charges and revoked petitioner's license to practice medicine.

Following the decision, petitioner and BPMC filed a joint letter seeking reconsideration by the ARB on the ground that the penalty was too harsh. The ARB denied the request on the basis that no new evidence was provided which would warrant reopening the case. Petitioner thereafter, *inter alia*, commenced this proceeding to annul the ARB's determination revoking his medical license.

Initially, petitioner contends that the ARB exceeded its authority by imposing its own penalty as opposed to limiting itself to reviewing the determination of the Hearing Committee. Significantly, this Court rejected a similar argument in *Matter of Kabnick v Chassin* (223 AD2d 935, 937, *affd* 89 NY2d 828), where we held that the ARB "has the authority to impose its own penalty regardless of whether the BPMC sought to impose a harsher penalty" (*supra*, at 937; *see*, Public Health Law § 230-c [4] [b]; *see also, Matter of Wapnick v New York State Bd. for Professional Med. Conduct*, 203 AD2d 728; *Matter of Bogdan v New York State Bd. for Professional Med. Conduct*, 195 AD2d 86, 90, *appeal dismissed* 83 NY2d 901). Moreover, although petitioner contends that the ARB's action in increasing the penalty violated his due process rights, the Court of Appeals has stated that "due process does not preclude the [ARB] from using the occasion of a disciplined professional's appeal to [*sua sponte*] increase the severity of a sanction imposed below" (*Matter of Kabnick v Chassin*, 89 NY2d 828, 830).

Turning to petitioner's challenge to the severity of the penalty, we agree with petitioner that this presents the rare circumstance where " 'the penalty [imposed] is so incommensurate with the offense as to shock one's sense of fairness' " (*Matter of Colvin v Chassin*, 214 AD2d 854, 855, quoting *Matter of D'Amico v Commissioner of Educ. of State of N. Y.*, 167 AD2d 769, 771; *see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 233). Here, petitioner maintains that he did not intentionally misrepresent his Medicaid status. Petitioner was aware at the time he gave the negative response to the Medicaid question in September 1993 that his name appeared on the list of excluded Medicaid providers. Despite this knowledge, petitioner asserts that he responded with a "no" answer because, at that point in time, he believed his administrative challenge to his exclusion was going well and felt that a favorable hearing decision or settlement would be quickly reached which would result in a retroactive removal of his name from the list. Notably, when the proceedings did not proceed as expeditiously as expected, petitioner directed his attorneys, in November 1993, to send a letter to the company handling his employment application to Mid-Island Hospital explaining the circumstances underlying the problems with his Medicaid status. Petitioner erroneously assumed that he would be allowed to explain the discrepancy once the matter was uncovered. Instead, Mid-Island Hospital thereafter terminated petitioner's temporary privileges and denied his pending application for full privileges. Charges were levied by BPMC in September 1994.

It is significant that nowhere in the record is there evidence that petitioner's misconduct related to his ability to practice medicine or his skill as a physician (*see, Matter of Colvin v Chassin*, 214 AD2d 854, 855-856, *supra; Matter of Sarosi v Sobol*, 155 AD2d 125, 128). While there is no question that petitioner's error in judgment in misrepresenting his Medicaid status was a serious one that deserves punishment, we do not believe, under the circumstances presented herein, that petitioner's conduct merited the revocation of his medical license.

The remaining arguments advanced by petitioner have been examined and found to be lacking in merit.

Mikoll, Mercure, Crew III and Yesawich Jr., JJ., concur. Adjudged that the determination is modified, on the facts, without costs, by annulling the penalty imposed; matter remitted to respondent Administrative Review Board for Professional Medical Conduct for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.