■ In the Matter of ENRIQUE M. BURSZTYN, Petitioner, v ANTONIA C. NOVELLO, as Commissioner of Health, et al., Respondents. [838 NYS2d 733]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Hearing Committee of the State Board for Professional Medical Conduct which suspended petitioner's license to practice medicine in New York for one year.

Petitioner has been licensed to practice medicine in New York since 1981. In 2005, the Maryland State Board of Physicians upheld the denial of his application for a license to practice medicine in that state because he willfully made false representations on the application. Thereafter, the New York State Board for Professional Medical Conduct commenced a referral proceeding against him alleging that he violated Education Law § 6530 (9) (b) and (d) in that the conduct resulting in the Maryland disciplinary action would constitute professional misconduct in this state. Following a referral hearing conducted pursuant to Public Health Law § 230 (10) (p), a Hearing Committee found that the Maryland Board denied his application based on conduct that would constitute misconduct here (see Education Law § 6530 [20], [21]) and suspended his license for one year. Two issues have been raised by petitioner in this ensuing CPLR article 78 proceeding challenging the Hearing Committee's determination. Finding no merit to either of them, we now confirm.

Petitioner argues that he was prejudiced by the exclusion of certain evidence in the referral proceeding, namely, the transcript and Administrative Law Judge's decision from the Maryland proceeding. In particular, petitioner claims that the Hearing Committee needed these items to fully appreciate the quality of the evidence adduced against him there. We are unpersuaded. The only relevant inquiry in this referral proceeding was the appropriate penalty for petitioner having been found guilty of willfully making false representations in Maryland. To

this end, Public Health Law § 230 (10) (p) clearly states that, in referral proceedings in this state, "evidence or sworn testimony offered to the committee on professional conduct shall be *strictly limited* to evidence and testimony relating to the nature and severity of the penalty to be imposed upon the licensee" (emphasis added). Here, neither the administrative transcript nor the Administrative Law Judge's decision in the underlying Maryland proceeding were relevant to the nature and severity of the penalty to be imposed. We view petitioner's effort to admit this evidence as an attempt to relitigate the merits of the Maryland determination, a tactic that has been explicitly rejected by this Court where, as here, a physician received notice of the out-of-state charges and a determination was rendered in that state on the merits after a full evidentiary hearing at which petitioner was given an opportunity to be heard and was represented by counsel (*see Matter of Hason v Department of Health*, 295 AD2d 818, 820-821 [2002]; *see also Matter of D'Ambrosio v Department of Health of State of N.Y.*, 4 NY3d 133, 141 [2005]; *compare Matter of Becker v DeBuono*, 239 AD2d 664, 664-665 [1997]).

Next, petitioner argues that the penalty imposed against him was arbitrary, capricious and unsupported by the record. To be sure, the proper standard to be applied by this Court in reviewing the propriety of physician discipline is "whether the penalty imposed is so incommensurate with the offense as to shock one's sense of fairness and each case is to be judged according to its own facts and circumstances" (*Matter of Kagali v New York State Bd. for Professional Med. Conduct*, 20 AD3d 720, 722 [2005] [internal quotation marks and citations omitted]). Here, we are unable to conclude that a one-year suspension of petitioner's license for willfully making false misstatements on his Maryland application shocks one's sense of fairness (*compare Matter of Bottros v DeBuono*, 256 AD2d 1034, 1036 [1998]; *Matter of Sarfo v DeBuono*, 235 AD2d 938, 940 [1997]). To this end, we note that petitioner's unwillingness in this proceeding to acknowledge his wrongful conduct in Maryland was a factor appropriately relied upon by the Hearing Committee in assessing this penalty (*see Matter of Zharov v New York State Dept. of Health*, 4 AD3d 580, 581 [2004]). While petitioner claims that his one-year suspension will have a deleterious impact on the rural hospital and community in which he practices, the Hearing Committee explicitly took this factor into consideration (*see Matter of Margini v DeBuono*, 255 AD2d 639, 640 [1998]), but nevertheless found that his refusal to take responsibility for his prior wrongful conduct justified a severe penalty (*see Matter of Zharov v New York State Dept. of Health, supra*).

Crew III, J.P., Spain, Mugglin and Kane, JJ., concur. Adjudged

that the determination is confirmed, without costs, and petition dismissed.