■ In the Matter of KENNETH ZAHL, Petitioner, v RICHARD F. DAINES, as Commissioner of Health, et al., Respondents. [880 NYS2d 394]—

Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Hearing Committee of the State Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner is an anesthesiologist who has been licensed to practice medicine in New York since 1982. Following the 2006 revocation of petitioner's license to practice medicine in New Jersey, the Bureau of Professional Medical Conduct (hereinafter BPMC) commenced a referral proceeding against petitioner pursuant to Public Health Law § 230 (10) (p). BPMC charged that the conduct giving rise to the finding of guilt and license revocation in New Jersey constituted professional misconduct in New York (*see* Education Law § 6530 [9] [b], [d]).* Specifically, BPMC indicated that the order of the New Jersey State Board of Medical Examiners (hereinafter New Jersey Board) was based upon findings that petitioner filed Medicare claims for concurrent, overlapping time periods, created false patient records, obtained reimbursement for false personal disability claims, billed and retained double payments for the same services, and failed to maintain good moral character. At the conclusion of an expedited hearing, respondent Hearing Committee of the State

---

* In cases based solely upon a violation of Education Law § 6530 (9), testimony and evidence that may be presented to the Hearing Committee is "strictly limited to [that] relating to the nature and severity of the penalty to be imposed upon the licensee" (Public Health Law § 230 [10] [p]).

Board of Professional Medical Conduct sustained the charges against petitioner and revoked his license to practice medicine in New York. Petitioner then commenced this proceeding seeking annulment of the Hearing Committee's determination. We now confirm.

Petitioner argues that the Hearing Committee improperly gave preclusive effect to the determination of the New Jersey Board revoking his license. In particular, he maintains that the issues of his intent and state of mind—which impact upon whether the conduct of which he was found guilty in New Jersey would also constitute misconduct in New York—were not fully and fairly litigated in the New Jersey proceeding. We disagree.

This Court has repeatedly held that in a referral proceeding pursuant to Education Law § 6530 (9), the merits of an out-of-state determination may not be relitigated when "a physician received notice of the out-of-state charges and a determination was rendered in that state on the merits after a full evidentiary hearing at which petitioner was given an opportunity to be heard and was represented by counsel" (*Matter of Bursztyn v Novello*, 42 AD3d 596, 598 [2007]; *see Matter of Hason v Department of Health*, 295 AD2d 818, 820-821 [2002]; *see also Matter of D'Ambrosio v Department of Health of State of N.Y.*, 4 NY3d 133, 140-141 [2005]). Here, petitioner does not dispute that he was given the opportunity to fully litigate the New Jersey charges that he created false patient records regarding time entries and the participation of other anesthesiologists who were not actually present, or that he double billed and retained double payments from insurance companies for the same professional services. Rather, petitioner asserts that the New Jersey Board improperly invoked collateral estoppel to rely upon the findings of a Medicare hearing officer regarding improper Medicare claims, as well as findings in a divorce proceeding that he recovered payments on false disability claims (*see generally Kosovsky v Zahl*, 257 AD2d 522, 523 [1999]).

These arguments were raised before the New Jersey Board, which clarified that the findings regarding improper receipt of disability payments were based upon independent review of petitioner's "basic and irrefutable dishonesty," rather than application of collateral estoppel. Regarding the Medicare hearing officer's determination, the New Jersey Board concluded that it was made after a fair hearing and "addressed the very same conduct which was the subject of the complaint before this Board"—i.e., that in submitting 97 Medicare claims for services involving overlapping treatment time, petitioner engaged in "dishonesty, deception and misrepresentation." We note that

petitioner then sought review of the New Jersey Board's decision in the New Jersey courts, which affirmed its findings of fact and, ultimately, the penalty imposed based upon petitioner's repeated deceitful and fraudulent conduct (*In re License Issued to Zahl*, 186 NJ 341, 350-351, 354-355, 895 A2d 437, 443, 445-446 [2006]). Under these circumstances, it cannot be said that petitioner was denied a full and fair opportunity to defend the charges against him or denied his due process rights either in New Jersey or New York, or that the charges for which the New Jersey Board disciplined petitioner would not constitute misconduct in this state (*see Matter of D'Ambrosio v Department of Health of State of N.Y.*, 4 NY3d at 140-141; *Matter of Bursztyn v Novello*, 42 AD3d at 598; *Matter of Hason v Department of Health*, 295 AD2d at 821).

Finally, given the pervasiveness of the misconduct herein and petitioner's unwillingness to accept responsibility, we reject petitioner's argument that the penalty imposed herein was "so incommensurate with the offense as to shock one's sense of fairness" (*Matter of Bursztyn v Novello*, 42 AD3d at 598 [internal quotation marks and citation omitted]; *see Matter of Ross v State Bd. for Professional Med. Conduct*, 45 AD3d 927, 930 [2007], *lv denied* 10 NY3d 701 [2008]). Petitioner's remaining arguments are precluded as either attempts to relitigate the merits of the New Jersey determination, unpreserved or otherwise lacking in merit (*see Matter of Hason v Department of Health*, 295 AD2d at 822).

Cardona, P.J., Kavanagh, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

