■ In the Matter of GEORGE S. LAKNER, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [898 NYS2d 709]—

Kavanagh, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

After moving to the United States from Hungary, petitioner obtained a license to practice medicine in New York in 1980.[1] Nineteen years later, in 1999, petitioner applied for a physician and surgeon's license in California so that he could pursue a position as a staff psychiatrist employed in a California state prison. The Medical Board of California ultimately denied petitioner's application for a license because it concluded that he was responsible for the fraudulent alteration of a checklist that the California board had sent to him itemizing the documents that he had submitted in support of his license application. While an appeal of that determination was pending, petitioner submitted an application to renew his medical license in Nevada and, in that process, certified that he had never been denied a license or permission to practice medicine in any state, country or U.S. territory. A complaint was subsequently filed in Nevada alleging that petitioner's failure to disclose that he had been denied a medical license in California was a deliberate attempt on his part to deceive the Nevada Board of Medical

---

1. Petitioner was also licensed to practice medicine in New Hampshire, Massachusetts, Connecticut, New Jersey, Maryland, the District of Columbia, Virginia, Pennsylvania, Illinois, Kansas and Nevada.

Examiners. The Nevada board sustained these charges and revoked petitioner's license to practice medicine. Similar revocation proceedings—based on what had transpired in California and Nevada—were initiated in other states, including New Jersey, Maryland and Virginia.

In 2007, the Bureau of Professional Medical Conduct commenced a referral proceeding pursuant to Public Health Law § 230 (10) (p) alleging that the disciplinary action taken against petitioner by the licensing authorities in California, Nevada, New Jersey and Maryland constituted misconduct in New York and was a violation of the Education Law (*see* Education Law § 6530 [1], [2], [9] [b], [d]). A Hearing Committee of respondent State Board for Professional Medical Conduct, after a hearing, sustained the charges and voted unanimously to revoke petitioner's licence to practice medicine in New York. At petitioner's request, respondent Administrative Review Board for Professional Medical Conduct (hereinafter ARB) reviewed these findings, affirmed the Hearing Committee's determination of professional misconduct and confirmed its decision revoking petitioner's medical license (*see* Public Health Law § 230-c [4]). This CPLR article 78 proceeding ensued.

Since petitioner sought and obtained review of the Hearing Committee's determination by the ARB " 'our review is limited to ascertaining whether [the ARB's determination] was arbitrary and capricious, affected by error of law or an abuse of discretion' " (*Matter of Arnett v New York State Dept. of Health*, 69 AD3d 1001, 1002 [2010], quoting *Matter of Sidoti v State Bd. for Professional Med. Conduct*, 55 AD3d 1162, 1164 [2008]; *see Matter of D'Souza v New York State Dept. of Health*, 68 AD3d 1562, 1563 [2009]). In that regard, petitioner claims that the ARB's determination should be set aside because he was not permitted to introduce evidence before the Hearing Committee regarding the out-of-state proceedings that he maintained was relevant on the issue of what penalty, if any, should be imposed in New York.

Initially, we note that the circumstances which led to the out-of-state determinations of misconduct may not be relitigated in an expedited hearing held in a referral proceeding where " 'a physician received notice of the out-of-state charges and a determination was rendered in that state on the merits after a full evidentiary hearing at which petitioner was given an opportunity to be heard and was represented by counsel' " (*Matter of Zahl v Daines*, 63 AD3d 1314, 1315 [2009], quoting *Matter of Bursztyn v Novello*, 42 AD3d 596, 598 [2007]; *see Matter of D'Ambrosio v Department of Health of State of N.Y.*, 4 NY3d

133, 140-141 [2005]; *Matter of Hason v Department of Health*, 295 AD2d 818, 819 [2002]). Moreover, where a referral proceeding is based on such an out-of-state determination, the evidence to be received is "strictly limited to . . . the nature and severity of the penalty to be imposed upon the licensee" (Public Health Law § 230 [10] [p]).

Here, the evidence that petitioner sought to introduce was properly excluded because, as presented, it constituted an attempt by petitioner to relitigate the circumstances that led to the final determinations rendered by out-of-state disciplinary boards. For example, petitioner sought to offer into evidence his explanation for why he failed to disclose on his Nevada renewal application that he had been denied a license to practice medicine in California. However, petitioner does not claim that he was not given a full and fair opportunity at the hearing held in Nevada to explain why he did not accurately disclose what happened in California, nor does he deny that this explanation, after being reviewed, was rejected by the Nevada Board of Medical Examiners. In addition, petitioner sought to establish at the hearing that other jurisdictions on these same facts had decided not to sanction or take any disciplinary action against him. While this evidence was not admitted at the hearing, the ARB in its final determination did make note of the fact that Massachusetts, Connecticut, Kansas and the District of Columbia had decided not to take any action against petitioner while New Jersey and Maryland had decided to suspend rather than revoke his license to practice medicine.[2] For these reasons, we find that no error was committed in the evidentiary rulings made during this referral proceeding.

Petitioner also argues that revocation of his medical license is too severe a penalty and is simply out of proportion with the claimed gravity of his alleged misconduct. We disagree. In this regard, we note that the standard to be applied in reviewing the appropriateness of any such sanction imposed by the ARB is whether it is "so disproportionate to [the] conduct as to shock one's sense of fairness" (*Matter of D'Angelo v State Bd. for Professional Med. Conduct*, 66 AD3d 1154, 1157 [2009] [citation omitted]; *see Matter of Zharov v New York State Dept. of Health*, 4 AD3d 580, 580 [2004]). While the event that precipitated these disciplinary proceedings—the alteration of the California checklist—appears on its face to be subject to some ambiguity, the fact is that the California medical authorities, after a full hearing, found that it was done deliberately and then used by petitioner knowing that it had been altered to enhance his

---

2. Virginia also suspended his license.

prospects for obtaining a position in a California state prison. Moreover, its ultimate decision to deny petitioner a license was not based solely on the alteration of the checklist; California authorities also found that petitioner had made material misrepresentations regarding his license to practice medicine to medical authorities in Nevada and Maryland and had made false statements regarding his medical credentials in applications he filed seeking employment. It also noted that while in the military, petitioner's medical privileges were revoked "for falsifying a letter of recommendation from a peer physician and coercing an enlisted soldier to write a letter of recommendation." In addition, in deciding to revoke petitioner's license, the ARB took into account the fact that he was found not to be credible by both the medical boards of Nevada and Maryland and has never accepted any responsibility for the misstatements made during these proceedings or the misrepresentations contained in his employment applications.[3] We cannot say on these facts that the ARB's decision revoking petitioner's medical license was "so incommensurate with the offense" as to require us to disturb it (*Matter of Zahl v Daines*, 63 AD3d at 1316; *see Matter of Ross v State Bd. for Professional Med. Conduct*, 45 AD3d 927, 929 [2007], *lv denied* 10 NY3d 701 [2008]).

. Cardona, P.J., Peters, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

 **3.** In its decision, the Maryland State Board of Physicians found that petitioner "has a long history of making false and deceptive statements on applications for employment and licensure. He has not accepted responsibility for this conduct; instead, he has consistently blamed others. His actions were intentionally dishonest. He has deliberately deceived this Board, thus hindering the Board in assessing his qualifications."