## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: October 23, 2014        518137
_____

In the Matter of AMGAD
   HESSEIN,
                  Appellant,

     v                              MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF
   HEALTH et al.,
                  Respondents.
_____

Calendar Date: September 9, 2014

Before: Lahtinen, J.P., Rose, Egan Jr., Lynch and Clark, JJ.

_____

Law Office of Edward R. Hopkins, Garden City (Edward R. Hopkins of counsel), for appellant.

Eric T. Schneiderman, Attorney General, Albany (Zainab A. Chaudhry of counsel), for respondents.

_____

Clark, J.

Appeal from a judgment of the Supreme Court (McDonough, J.), entered July 18, 2013 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, review a determination of respondent Commissioner of Health which temporarily suspended petitioner from the practice of medicine in New York.

Petitioner is a board-certified anesthesiologist who operated a pain management practice with offices in New York and New Jersey. In August 2011, petitioner was indicted in New Jersey on 74 counts alleging health care claims fraud and conspiracy to commit health care fraud. Subsequently, after a

lengthy hearing, the New Jersey State Board of Medical Examiners (hereinafter the NJ Board) temporarily suspended petitioner's New Jersey medical license pending the outcome of the disciplinary proceeding concerning the alleged fraudulent billing practices. Based on the actions of the NJ Board, the New York Office of Professional Medical Conduct (hereinafter OPMC) initiated an investigation of petitioner's medical practice, the results of which were presented to an OPMC investigation committee. Upon the recommendation of the committee, respondent Commissioner of Health (hereinafter the Commissioner) executed a summary order temporarily suspending petitioner from practicing medicine in New York pending final conclusion of the New Jersey disciplinary proceeding. In August 2012, however, that proceeding was placed on an inactive list pending developments in the criminal matter, where it remains.

Petitioner thereafter commenced the instant proceeding pursuant to CPLR article 78, seeking to vacate the Commissioner's summary order, or, in the alternative, for an order directing respondents to schedule a hearing and allow petitioner to practice medicine in New York while the hearing is pending. Supreme Court dismissed petitioner's application and petitioner now appeals arguing, among other things, that the court erred in holding that the Commissioner's determination to summarily suspend his right to practice medicine in New York was not arbitrary and capricious or an abuse of discretion.

Initially, we agree with petitioner that Supreme Court erred in declining to consider the allegation that he was denied the opportunity to be interviewed by OPMC inasmuch as this allegation was asserted for the first time in petitioner's reply papers. To the extent that respondents' answering papers contained the claim that petitioner had declined an interview, this allegation constituted a "new matter" to which petitioner had a right to reply (see CPLR 402, 7804 [d], [e]; compare Matter of E.W. Tompkins Co., Inc. v State Univ. of N.Y., 61 AD3d 1248, 1252 [2009], lv denied 13 NY3d 701 [2009]). However, we nonetheless affirm Supreme Court's finding that petitioner was properly afforded "an opportunity to be interviewed by [OPMC] in order to provide an explanation of the issues under investigation" (Public Health Law § 230 [10] [a] [iii]).

Here, Susan Gravell — the OPMC nurse investigator — sent petitioner a letter dated February 9, 2012 by certified mail, with a copy faxed to the attorney representing him in the New Jersey matter, Susan Fruchtman.  This letter explained that OPMC had commenced an investigation of petitioner based on his suspension in New Jersey and specifically advised him of his opportunity for an interview.  The letter directed petitioner to contact Gravell by February 29, 2012 to either schedule or decline the interview and warned that "[f]ailure to contact [OPMC] to schedule an interview . . . will be considered a declination of [his] opportunity for an interview."  On February 29, 2012, Fruchtman responded to Gravell, providing information about the status of the New Jersey matter and asking that no action be taken against petitioner's New York license.  Fruchtman did not mention the interview in her correspondence, nor did she indicate that her representation of petitioner was limited solely to the New Jersey matter.  Although Fruchtman and Gravell continued to exchange correspondence and information for a period of time, a request to schedule an interview was not made.

Despite petitioner's denial of having personally received Gravell's letter, we find support in the record for the determination that petitioner was afforded his statutorily-mandated opportunity to have an interview.  Specifically, petitioner admitted to being aware of the letter via Fruchtman and, by way of Fruchtman's correspondence with Gravell, provided documents — including the reports of petitioner's expert — to OPMC explaining the nature of his alleged conduct.  Under these circumstances, we determine that, after being afforded adequate notice, petitioner declined his opportunity to be interviewed by OPMC.

We do not agree that the Commissioner's determination to temporarily suspend petitioner's ability to practice medicine in New York was arbitrary or capricious or an abuse of discretion.  Here, the summary order was based on the express language of Public Health Law § 230 (12) (b) — which explicitly authorizes the Commissioner to rely on the determination of the NJ Board — and the findings of the NJ Board that the practice of medicine by petitioner constitutes "an imminent danger to the health of its people."  While petitioner claims numerous errors and

inadequacies with the New Jersey proceeding, these contentions have no bearing on the Commissioner's explicit statutory authority (see Public Health Law § 230 [12] [b]) and, as such, were not issues within Supreme Court's scope of review (see Matter of D'Ambrosio v Dept. of Health of State of N.Y., 4 NY3d 133, 141 [2005]; Matter of Lakner v New York State Dept. of Health, 72 AD3d 1225, 1226-1227 [2010], lv denied 15 NY3d 704 [2010]; Matter of Bursztyn v Novello, 42 AD3d 596, 597-598 [2007]).

Finally, we disagree with petitioner's contention that he has been deprived of due process based on the potentially indefinite time frame for the final conclusion of the New Jersey disciplinary matter. Specifically, the applicable statute dictates that petitioner's "summary suspension shall remain in effect until the final conclusion of a hearing which shall commence . . . within thirty days after the disciplinary proceedings in [New Jersey] are finally concluded" (Public Health Law § 230 [12] [b]). While it may be that our Legislature did not contemplate circumstances such as these when drafting the aforementioned mandates, the Commissioner is nonetheless bound by this statute and all of its terms, including those that dictate when the New York hearing may properly be held. Notably, after being afforded a full hearing in New Jersey, petitioner was not without pre-deprivation process in New York — i.e., the opportunity to participate in an interview before OPMC as well as provide information and documentation. Petitioner's remaining arguments have been considered and found to be without merit.

Lahtinen, J.P., Rose, Egan Jr. and Lynch, JJ., concur.

-5-                    518137

ORDERED that the judgment is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court