*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 21, 2016                    519591
_____

In the Matter of ANTHONY
    CASAMASSIMA,
                    Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

NEW YORK STATE DEPARTMENT OF
    HEALTH, ADMINISTRATIVE
    REVIEW BOARD FOR
    PROFESSIONAL MEDICAL
    CONDUCT,
                    Respondent.
_____

Calendar Date:  November 16, 2015

Before:  McCarthy, J.P., Egan Jr., Rose, Lynch and Clark, JJ.

_____

        Anthony Casamassima, Kosciusko, Mississippi, petitioner pro
se.

        Eric T. Schneiderman, Attorney General, New York City (Todd
A. Spiegelman of counsel), for respondent.

_____

McCarthy, J.P.

        Proceeding pursuant to CPLR article 78 (initiated in this
Court pursuant to Public Health Law § 230-c [5]) to review a
determination of respondent revoking petitioner's license to
practice medicine in New York.

        Petitioner is a physician who was licensed to practice
medicine in New York in 1986.  In October 2010, petitioner was
arraigned on criminal charges stemming from allegations that,
when he was acting in his separate professional capacity as an

attorney, he stole funds from an escrow account.[1]  In October 2011, he submitted an application to renew his medical license to the State Education Department and, on that application, he answered "no" to the question, "Since your last registration application . . . [a]re criminal charges pending against you in any court?"  In January 2012, petitioner pleaded guilty to grand larceny in the third degree, a felony, and petit larceny, a misdemeanor, and was sentenced to five years of probation and ordered to pay certain restitution.  As a consequence, the Bureau of Professional Medical Conduct charged petitioner with practicing the profession fraudulently and being convicted of committing an act constituting a crime in New York (see Education Law § 6530 [2], [9] [a] [i]).  After a hearing, the Hearing Committee of the State Board for Professional Medical Conduct determined that petitioner was guilty of both charges and revoked petitioner's license.  Upon petitioner's administrative appeal, respondent affirmed both the determination of professional misconduct and the revocation of his license.  Petitioner commenced this CPLR article 78 proceeding in this Court to vacate respondent's determination.

We disagree with petitioner's assertion that the Hearing Committee's evidentiary rulings and hearing format deprived him of due process.  Although petitioner's wife was precluded from testifying, such preclusion took place after petitioner acknowledged that he wanted his wife to testify for the sole purpose of confirming portions of his testimony regarding his motive for stealing funds from the escrow account.  The exclusion of cumulative testimony is not violative of due process (see e.g. Matter of Canfield v McCree, 90 AD3d 1653, 1654 [2011]; Cor Can. Rd. Co., LLC v Dunn & Sgromo Engrs., PLLC, 34 AD3d 1364, 1365 [2006]).  Further, contrary to petitioner's contention that the proceeding was so rushed as to merit reversal, our review of the record reveals that petitioner was provided ample opportunity to present evidence and the Hearing Committee's efforts to "avoid extended testimony [and evidentiary submissions] about peripheral, and only marginally probative[] matters," did not

---

[1]  Petitioner has since been disbarred (Matter of Casamassima, 84 AD3d 67, 68 [2011]).

infuse the proceeding with unfairness (Matter of Amato v State of N.Y. Dept. of Health, 229 AD2d 752, 754 [1996], lv denied 89 NY2d 801 [1996]; see Matter of Hatfield v Department of Health of State of N.Y., 245 AD2d 703, 705 [1997]).

Turning to the penalty, this Court will not reverse a penalty imposed by respondent unless that penalty is "so disproportionate to the offense that it shocks one's sense of fairness" (Matter of Bargellini v New York State Dept. of Health, 129 AD3d 1226, 1229 [2015] [internal quotation marks and citation omitted], lv denied 26 NY3d 905 [2015]; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]).  As petitioner acknowledged in his testimony, in his previous work as an attorney, he stole more than $40,000 from his clients.  Petitioner further explained that, on his reapplication for his medical license, he withheld the information about the pending criminal charges related to such conduct.  Although petitioner testified that he did not intend to deceive the Education Department by representing that there were not criminal charges pending against him when, in fact, there were criminal charges pending against him, respondent found such testimony to be incredible and concluded that petitioner had engaged in fraudulent practice (see generally Matter of Bargellini v New York State Dept. of Health, 129 AD3d at 1228).  Accordingly, respondent found that petitioner had engaged in a pattern of misconduct by stealing clients' money and then lying about the criminal proceedings related to such conduct.  Notably, the victims of petitioner's aforementioned crimes, his clients, were people to whom petitioner owed a professional duty (compare Matter of Sawangkao v New York State Bd. for Professional Med. Conduct, 12 AD3d 735, 737 [2004], lv denied 4 NY3d 704 [2005]).  The penalty of licence revocation for such acts is not so disproportionate as to "shock one's sense of fairness" (Matter of Zahl v Daines, 63 AD3d 1314, 1314-1316 [2009] [internal quotation marks and citations omitted]; see Matter of Sawangkao v New York State Bd. for Professional Med. Conduct, 12 AD3d at 735-737).  Petitioner's remaining contentions are also without merit.

Egan Jr., Rose, Lynch and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:


Robert D. Mayberger
Clerk of the Court