■ In the Matter of RICHARD J. COWAN, Petitioner, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, Respondent. [826 NYS2d 452]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law § 6510 [5]) to review a determination of the Board of Regents of the University of the State of New York which revoked petitioner's license to practice physical therapy in New York.

Petitioner, a licensed physical therapist, treated patient DH

from January 1996 until May 1999 for injuries, including cognitive impairment, that she sustained in an automobile accident. Approximately six months after treatment commenced, petitioner began a sexual relationship with DH which continued until the end of treatment and resumed briefly in September 1999 when DH was no longer a patient. After DH filed a complaint, petitioner was charged, among other things, with committing unprofessional conduct by engaging in an intimate sexual relationship with a patient and willful abuse of a patient by engaging in contact of a sexual nature without the patient's consent. Hearings were conducted on July 24, 2003, November 21, 2003 and January 8, 2004. Documentary evidence was submitted the first day and testimony was taken on the other days. On January 8, 2004, petitioner's counsel—claiming that it was relevant to DH's credibility—sought to introduce a videotape taken by a private investigator which essentially showed DH using crutches to enter petitioner's office in November 1999 but not using crutches to enter her own home. After a sidebar, the administrative officer disallowed introduction of the tape. The Hearing Panel of the State Board for Physical Therapy found that the alleged sexual relationship existed and that DH lacked the capacity to effectively consent as the result of injuries sustained in the car accident. Although the Hearing Panel's findings were adopted by the Regents Review Committee, it rejected the recommendation of suspension of petitioner's license, substituting instead a revocation. The Board of Regents accepted the findings of fact and issued an order revoking petitioner's license.

We confirm. Petitioner does not dispute that he had an ongoing sexual relationship with DH during the time that she was his patient. He does challenge the finding that the relationship was nonconsensual and contends that the hearing was fundamentally unfair because the videotape was excluded. Although the formal rules of evidence are relaxed in administrative hearings (*see Matter of Tonette E. v New York State Off. of Children & Family Servs.*, 25 AD3d 994, 996 [2006]), we find no basis upon which to disturb this evidentiary ruling. The videotape in question was in petitioner's possession for at least two years prior to the inception of this proceeding and, notwithstanding the direction of the administrative officer that all evidence be produced at the inception of the hearing, petitioner, without notice, waited until the last hearing day to come forward with the surveillance videotape. Under these circumstances, realizing that allowing the videotape would necessitate an adjournment of the hearing, the administrative officer properly rejected it as untimely. Moreover, the videotape depicted events which oc-

curred several months after the charged period of misconduct and was not relevant to the specifications of unprofessional conduct. Exclusion of the videotape does not impact petitioner's due process rights since any prejudice resulting therefrom did not render the proceeding manifestly unfair (*see Matter of Singh v New York State Bd. for Professional Med. Conduct*, 235 AD2d 958, 960 [1997]). Notably, a physical therapist is morally unfit when he or she engages in any sexual relationship, either consensual or nonconsensual, with a patient during a therapist-patient relationship. Since the record unequivocally establishes and petitioner admits the existence of such a relationship, petitioner is guilty of professional misconduct (*see Matter of Lugo v New York State Dept. of Health*, 306 AD2d 766, 767 [2003]).

Petitioner contends that the revocation of his license constitutes an abuse of discretion and was not supported by substantial evidence because the Hearing Panel recommended that the punishment be a two-year suspension. First, revocation is an appropriate penalty for misconduct of a sexual nature between a medical practitioner and a patient (*see Matter of Alexander v State Bd. for Professional Med. Conduct*, 287 AD2d 918, 920 [2001]; *Matter of Slakter v DeBuono*, 263 AD2d 695, 698 [1999]). Second, revocation is not, ipso facto, arbitrary or capricious even though adverse to a recommendation so long as the punishment inflicted is adequately supported by the record (*see Matter of Amato v State of N.Y. Dept. of Health*, 229 AD2d 752, 753 [1996], *lv denied* 89 NY2d 801 [1996]). Here, there is no doubt that petitioner breached the code of ethics and engaged in unprofessional conduct as a result of his sexual relationship with DH. Moreover, the finding that she was effectively unable to consent thereto is based on substantial evidence. The record establishes that petitioner was well aware of the cognitive deficit sustained by DH as a result of the car accident. During his testimony, petitioner admitted reading about DH's brain injury in her medical records and alluded to various instances in which DH's conduct confirmed her impaired cognitive ability. Under these circumstances, the penalty of revocation is appropriate.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.