■ In the Matter of CARMEN D'ANGELO, Petitioner, v STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT, Respondent. [887 NYS2d 290]—

Spain, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review

---

a determination of a Hearing Committee of respondent which revoked petitioner's license to practice medicine in New York.

A Hearing Committee of respondent sustained 28 of 48 charges of professional misconduct against petitioner, a physician licensed to practice internal medicine in New York, involving eight specific patients (hereinafter patients A through H). The sustained charges were engaging in conduct that evidences moral unfitness to practice medicine (*see* Education Law § 6530 [20]), engaging in conduct that willfully harasses, abuses or intimidates a patient (*see* Education Law § 6530 [31]), practicing medicine with gross negligence (*see* Education Law § 6530 [4]), practicing medicine with negligence on more than one occasion (*see* Education Law § 6530 [3]), and failing to maintain accurate medical records (*see* Education Law § 6530 [32]). Based on these findings, the Hearing Committee determined that petitioner's license to practice medicine should be revoked (*see* Public Health Law § 230 [10] [c]-[h]). Petitioner thereafter commenced this proceeding challenging that determination. We now confirm.

Our review of the Hearing Committee's determination is limited to assessing whether it is supported by substantial evidence (*see Matter of Tsirelman v Daines*, 61 AD3d 1128, 1129 [2009]). Here, petitioner challenges only the Hearing Committee's findings of misconduct stemming from his alleged consensual sexual relationships with patients A and H.[1] Further, he does not dispute the existence of a physician-patient relationship with either woman or that he commenced a sexual relationship with patient H while she was a patient.[2] Although petitioner denied a sexual relationship with patient A, her contrary testimony created a credibility determination within the province of the Hearing Committee to resolve (*see id.* at 1129; *Matter of Sidoti v State Bd. for Professional Med. Conduct*, 55 AD3d 1162, 1165 [2008]). Patient A's testimony, moreover, was corroborated by evidence of gifts and cards given to her by petitioner and sexually explicit e-mail correspondence between the two.

Indeed, petitioner's primary argument does not challenge the

---

**1.** Petitioner does not challenge any of the determinations of misconduct relating to patients B, C, D, E, F and G. Indeed, the record contains unrefuted evidence of negligence, gross negligence and failure to maintain proper records, in the form of expert testimony, medical records and patient testimony.

**2.** Patient H is petitioner's current fianceé and employee who involuntarily testified before the Hearing Committee. She admitted that she and petitioner, her physician for 13 years, began their romantic relationship in the spring of 2005 and she shortly thereafter sought out another primary physician.

factual underpinnings of the Hearing Committee's findings. Instead, petitioner argues that—unlike a psychiatrist (*see* Education Law § 6530 [44])—he cannot be penalized for having consensual sexual relations with a patient. We have repeatedly rejected this argument (*see Matter of Barad v State Bd. for Professional Med. Conduct*, 282 AD2d 893, 895 [2001]; *Matter of Selkin v State Bd. for Professional Med. Conduct*, 279 AD2d 720, 721-722 [2001], *appeal dismissed* 96 NY2d 823 [2001], *lv denied* 96 NY2d 928 [2001]); (*Matter of Miller v Commissioner of Health for State of N.Y.*, 270 AD2d 584, 585 [2000]), specifically holding that although "the Legislature has expressly proscribed 'any physical contact of a sexual nature' between a psychiatrist and his or her patient, the absence of a corollary proscription in the practice of all other areas of medicine does not ipso facto constitute approval by the Legislature" (*Matter of Miller v Commissioner of Health for State of N.Y.*, 270 AD2d at 585, quoting Education Law § 6530 [44]). Petitioner urges this Court to overrule this precedent, asserting that his constitutionally guaranteed liberty interest which protects his right to marriage encompasses a right to activities related to marriage and courtship, including—astoundingly—the right to engage in extramarital sexual relationships with his patients. We are unpersuaded that our interpretation of the Legislature's intent, undisturbed now for over nine years, was in error. We adhere to our precedent that any physician who engages in a sexual relationship with a patient whom he or she is actively treating, at a minimum, bears scrutiny for moral unfitness due to the potential for abuse of the confidential relationship between doctor and patient (*see e.g. Matter of Barad v State Bd. for Professional Med. Conduct*, 282 AD2d at 895; *Matter of Selkin v State Bd. for Professional Med. Conduct*, 279 AD2d at 722).

Petitioner also asserts that the Hearing Committee erred in essentially applying a per se prohibition against sexual contact between a nonpsychiatrist physician and patient. He argues that where the relationship is consensual, some additional evidence revealing exploitation of a vulnerable patient is necessary to find that a physician is morally unfit to practice medicine. Even were we to agree that a physician could ever ethically commence a sexual relationship with a current patient (*but see Matter of Cowan v Mills*, 34 AD3d 1166, 1168 [2006] ["a physical therapist is morally unfit when he or she engages in any sexual relationship, either consensual or nonconsensual, with a patient during a therapist-patient relationship"]), on this record, ample evidence exists that petitioner's relationship with patient A, though consensual, involved exacerbating circumstances clearly warranting a finding of misconduct. Indeed,

petitioner admitted that he knew that patient A suffered from depression and was in need of psychiatric treatment and, further, that her psychological condition made her more susceptible to manipulation and the potential harm that could flow from a relationship with her treating physician of over 10 years. He also admitted that patient A confided in him about marital problems and her e-mail correspondence reflects the voice of a troubled, extremely vulnerable woman. Finally, petitioner's sexual relationship with patient H—also commenced while she was a patient—reflects a pattern of behavior evincing a failure to respect the trust and confidence placed in him by his patients and a blindness to the potential consequences of his conduct. Under these circumstances, we find the Hearing Committee's determinations to be amply supported by the specific facts of this case (see *Matter of Lugo v New York State Dept. of Health*, 306 AD2d 766, 767 [2003]; *Matter of Barad v State Bd. for Professional Med. Conduct*, 282 AD2d at 895).

In making the foregoing arguments, petitioner also challenges the penalty imposed by the Hearing Committee—revocation of his medical license. "The well-settled standard of review of a challenge to the penalty imposed by the [Hearing Committee] is whether the penalty is 'so disproportionate to [the] conduct as to shock one's sense of fairness' " (*Matter of Kleinplatz v Novello,* 46 AD3d 1134, 1135 [2007], quoting *Matter of Ostad v New York State Dept. of Health*, 40 AD3d 1251, 1253 [2007]). "This Court has repeatedly found improper sexual contact by a physician toward patients to be a violation of the fundamental trust in a doctor for which revocation is the appropriate penalty" (*Matter of Finelli v Chassin*, 206 AD2d 717, 719 [1994] [citation omitted]; *see Matter of Cowan v Mills*, 34 AD3d at 1168). Accordingly, we find that petitioner's sexual misconduct, combined with the unchallenged findings of neglect and improper record keeping, support the penalty imposed by the Hearing Committee (*see Matter of Cowan v Mills*, 34 AD3d at 1168; *Matter of Reddy v State Bd. for Professional Med. Conduct*, 259 AD2d 847, 850 [1999], *lv denied* 93 NY2d 813 [1999]).

Mercure, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.