■ In the Matter of RAYMOND JOSEPH NISI, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [894 NYS2d 245]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner is an ophthalmologist who has been licensed to practice medicine in New York since 1990. In 1998, he entered into a consent agreement and order whereby he resolved 14 alleged specifications of misconduct by agreeing not to contest three of the specifications (one for negligence on more than one occasion and two for inadequate record keeping) and he accepted a penalty of two years stayed suspension of his license with probation. Subsequently, in October 2007, the Bureau of Professional Medical Conduct (hereinafter BPMC) charged him with seven specifications as a result of his treatment of patient A. In essence, he allegedly treated, conducted tests and scheduled surgery for a purported cataract condition from which the patient did not actually suffer. After the presentation of proof, a Hearing Committee of respondent State Board for Professional Medical Conduct sustained two of the charges (negligence on more than one occasion and unwarranted tests) and, for a penalty, ordered him to pay a $20,000 fine and prohibited him from performing cataract surgery for one year. Both parties appealed to respondent Administrative Review Board for Professional Medical Conduct (hereinafter ARB). The ARB affirmed the Committee's determination regarding professional misconduct, but increased the penalty to revocation of petitioner's license. Petitioner then commenced this proceeding.

Petitioner argues that the ARB's decision is not supported by adequate evidence. "Judicial review of a decision of the ARB is limited to determining whether the decision was 'arbitrary and capricious, affected by an error of law or an abuse of discretion' " (*Matter of Buckner v State Bd. for Professional Med. Conduct*, 7 AD3d 840, 841 [2004], quoting *Matter of Spartalis v State Bd. for Professional Med. Conduct*, 205 AD2d 940, 942 [1994], *lv denied* 84 NY2d 807 [1994]). "A finding of negligence on more than one occasion will meet this standard if the evidence shows that the physician repeatedly failed to exercise the care that a reasonably prudent physician would exercise under the circumstances" (*Matter of Tulier-Pastewski v State Bd. for*

*Professional Med. Conduct*, 13 AD3d 918, 919 [2004] [internal quotation marks and citations omitted]). "Credibility determinations, including concerning the weight and qualifications of expert witnesses, are matters solely within the province of the administrative factfinder" (*Matter of Kosich v New York State Dept. of Health*, 49 AD3d 980, 984 [2008] [citations omitted], *appeal dismissed* 10 NY3d 950 [2008]).

Although petitioner had treated patient A since 1992, the conduct that formed the basis for the professional misconduct charges occurred in a series of five visits between July 2003 and May 2005. During such time, petitioner diagnosed both of patient A's eyes with a cataract condition known as nuclear sclerosis, the progression of which he reported as growing worse from 1+ to 2+ on a scale of 0 to 4+. He concluded that the condition could not be corrected with glasses and, therefore, he ordered surgery for the condition. In preparation for the surgery, petitioner conducted an A-scan, which is used to determine the size for the lens implant.

Prior to surgery, patient A visited her primary care physician, who testified at the hearing that he could not find any evidence of cataracts. He thus referred her for a second opinion to another ophthalmologist. That ophthalmologist conducted a series of tests in May 2005. He testified at the hearing that he found no need for surgery since patient A's corrected vision was nearly 20/20 and, significantly, he did not detect nuclear sclerosis. Patient A came under his care and no surgery was conducted. The BPMC's expert, an ophthalmologist, testified in detail about necessary tests that petitioner failed to conduct during several visits by patient A. He opined that there was no need for patient A to have cataract surgery and explained several ways in which petitioner's treatment deviated from acceptable medical care. Deferring to the ARB's credibility determinations, including accepting the testimony of the three physicians produced by the BPMC, the decision sustaining the charges against petitioner was not arbitrary and is supported by ample evidence in the record.

Our review of petitioner's challenge to the penalty imposed by the ARB is "limited to whether the penalty is so incommensurate with the offense as to shock one's sense of fairness" (*Matter of Peress v Administrative Review Bd. for Professional Med. Conduct*, 294 AD2d 753, 758 [2002] [internal quotation marks and citations omitted]; *see Matter of Sawangkao v New York State Bd. for Professional Med. Conduct*, 12 AD3d 735, 737 [2004], *lv denied* 4 NY3d 704 [2005]). The ARB is authorized to increase the penalty of the Committee (*see Matter of Cohen v*

*New York State Dept. of Health*, 65 AD3d 791, 793 [2009]). Here, the ARB found the harsher penalty of revocation justified since petitioner had previously been on probation with a practice monitor as a result of similar misconduct, and yet he failed to correct the deficiencies in his approach to the practice of medicine. The ARB further noted that he was not in need of retraining since he knew the established standards of care, but failed to fully accept his responsibility to follow those standards. In light of the nature of petitioner's misconduct, his prior disciplinary record and his failure after the prior misconduct to take appropriate corrective steps, we are unpersuaded that the penalty is inappropriate under the applicable highly deferential standard of review (*see Matter of Ostad v New York State Dept. of Health*, 40 AD3d 1251, 1253 [2007]; *Matter of Lucas v Novello*, 296 AD2d 735, 735-736 [2002]).

Mercure, J.P., Spain, Rose and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.