■ In the Matter of KIRNJOT SINGH, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH BOARD OF PROFESSIONAL MEDICAL CONDUCT, Respondent. [903 NYS2d 181]—

Garry, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner, a physician and spinal surgeon licensed to practice in Indiana and New York, saw a new female patient in Indiana in October 2005. The medical records reveal that upon examination, petitioner transferred the patient's care to another physician and advised that he could do nothing else and would see her on an as-needed basis. Later that day, the patient returned to petitioner's office to discuss a possible employment opportunity involving the patient offering massage therapy services at a new hospital. She reentered the facility through a back door and returned to the examination room, where she and petitioner engaged in a sexual encounter.

The Medical Licensing Board of Indiana conducted disciplinary proceedings in which, among other things, it found the facts set out above, determined that petitioner had committed misconduct, placed him on indefinite probation, and ordered him to comply with various requirements, including a continuing education class on patient boundaries. In expedited referral proceedings pursuant to Public Health Law § 230 (10) (p), the Bureau for Professional Medical Conduct (hereinafter BPMC) thereafter charged petitioner with two specifications of misconduct, first on the basis of having been found guilty of

improper professional practice or professional misconduct in Indiana and, second, on having his license suspended upon the disciplinary proceeding instituted in Indiana, where the conduct upon which both the finding and proceeding were based would have constituted misconduct in New York had it occurred here (*see* Education Law § 6530 [9] [b], [d]).[1] Following a hearing at which petitioner appeared without counsel,[2] a Hearing Committee of the State Board for Professional Medical Conduct sustained the charges against him and revoked his license to practice medicine in New York. Petitioner appealed to the Administrative Review Board for Professional Medical Conduct (hereinafter ARB), which affirmed the Hearing Committee's determination and upheld the license revocation.

Petitioner commenced this proceeding seeking annulment of the ARB determination, contending that he was deprived of due process because the determination to revoke his license was improperly based on uncharged misconduct. The uncharged matters consisted of eight accusations made against him in Indiana that did not lead to disciplinary proceedings. They were brought to the attention of the Hearing Committee when petitioner submitted a letter from a physicians' education organization describing his successful completion of a boundaries violation course and further mentioning that he had been "forthcoming about eight other complaints about him from the past, even though those were dismissed." Members of the Hearing Committee inquired about this reference, and petitioner explained the circumstances in detail, including the fact that all of the accusations were either dismissed or not prosecuted. BPMC's counsel then specifically confirmed that petitioner had no record of any other disciplinary proceedings. Petitioner contends that the Hearing Committee was improperly influenced by its inquiry and knowledge of these accusations and that the ARB's determination was then tainted by reliance on the Hearing Committee's findings.

As petitioner obtained administrative review by the ARB, our review " 'is limited to whether the [ARB's] decision is arbitrary and capricious, affected by an error of law or an abuse of discretion,' and 'our inquiry distills to whether the ARB's determination has a rational basis and is factually supported' " (*Matter of*

---

**1.** The issues in such a proceeding are "limited to the nature and severity of the penalty to be imposed upon [petitioner]" (*Matter of Kee Yee Shum v Daines*, 68 AD3d 1503, 1504 n 1 [2009] [internal quotation marks and citation omitted]; *see* Public Health Law § 230 [10] [p]).

**2.** Upon inquiry by the Administrative Law Judge, petitioner advised that he had retained an attorney but chose not to have him attend, in an attempt to be transparent.

*D'Souza v New York State Dept. of Health*, 68 AD3d 1562, 1563 [2009], quoting *Matter of Khan v New York State Dept. of Health*, 286 AD2d 562, 563 [2001]). Notably, the ARB's only reference to the alleged prior accusations was set forth in the preliminary narrative description of the proceedings that had transpired before the Hearing Committee. From the face of—and upon a fair reading of—the document, it appears that the ARB determination was properly and exclusively based on the circumstances of petitioner's encounter with the patient and on the Hearing Committee's determination that his explanation of that incident was not credible. Further, although petitioner claims that the Hearing Committee's credibility determination was improperly affected by the other accusations, we note that the other accusations were not mentioned in the Hearing Committee's discussion of petitioner's credibility. In the portion where they were mentioned, it was also specifically noted that the accusations had not led to disciplinary proceedings. In any event, credibility determinations by the administrative factfinder "may not be disturbed by this Court" (*Matter of Maglione v New York State Dept. of Health*, 9 AD3d 522, 524 [2004]; *see Matter of Insler v State Bd. for Professional Med. Conduct*, 38 AD3d 1095, 1098 [2007]; *Matter of Bottros v DeBuono*, 256 AD2d 1034, 1036 [1998]). Upon review, we do not find that " 'prejudice so permeate[d] the underlying hearing as to render it unfair' " (*Matter of Singh v New York State Bd. for Professional Med. Conduct*, 235 AD2d 958, 960 [1997], quoting *Matter of Jean-Baptiste v Sobol*, 209 AD2d 823, 824 [1994]; *see Matter of Sidoti v State Bd. for Professional Med. Conduct*, 55 AD3d 1162, 1166 [2008]; *compare Matter of Afif v Commissioner of Educ. Ambach*, 134 AD2d 679, 682-683 [1987]).

Petitioner further contends that the penalty imposed upon him was harsh and excessive. The standard of review we must accord to penalty determinations in proceedings of this nature is "highly deferential" (*Matter of Nisi v New York State Dept. of Health*, 70 AD3d 1211, 1214 [2010]) and, while revocation is undeniably a severe penalty for the conduct at issue here, we do not find that its imposition is " 'so incommensurate with the offense as to shock one's sense of fairness' " (*Matter of Colvin v Chassin*, 214 AD2d 854, 855 [1995], quoting *Matter of D'Amico v Commissioner of Educ. of State of N.Y.*, 167 AD2d 769, 771 [1990]). This Court has repeatedly found that a physician's sexual misconduct with a patient is "a violation of the fundamental trust in a doctor for which revocation is the appropriate penalty" (*Matter of Finelli v Chassin*, 206 AD2d 717, 719 [1994]; *see e.g. Matter of D'Souza v New York State Dept. of Health*, 68 AD3d at 1564; *Matter of D'Angelo v State Bd. for Professional*

*Med. Conduct*, 66 AD3d 1154, 1157 [2009]; *Matter of Cowan v Mills*, 34 AD3d 1166, 1168 [2006]). While petitioner argues that no such trust was violated because he had discharged the patient from his care, it was the factfinder's "exclusive province" to determine that this claim was not credible (*Matter of Sookhu v Commissioner of Health of State of N.Y.*, 31 AD3d 1012, 1014 [2006]). Moreover, the ARB was fully authorized to conclude that petitioner took advantage of the patient by having sexual contact with her on the same day and in the same place where he had examined her hours before, and that his conduct demonstrated moral unfitness to practice medicine (*see Matter of Selkin v State Bd. for Professional Med. Conduct*, 279 AD2d 720, 721-722 [2001], *appeal dismissed* 96 NY2d 823 [2001], *lv denied* 96 NY2d 928 [2001]). Finally, although petitioner contends that his conduct was less egregious than that in other cases in which revocation has been imposed, " 'penalties imposed in other cases are irrelevant because each case must be judged on its own peculiar facts and circumstances' " (*Matter of Chatelain v New York State Dept. of Health*, 48 AD3d 943, 945 [2008], quoting *Matter of Bezar v DeBuono*, 240 AD2d 978, 979 [1997]). The ARB's determination will not be disturbed.

Cardona, P.J., Mercure, Spain and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.