McCarthy, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which, among other things, placed a limitation on any medical license petitioner receives in New York.
*1067 Petitioner was a second-year resident in the Department of Obstetrics and Gynecology at New York Downtown Hospital from July 2007 until she was terminated from her position in April 2008. The Bureau for Professional Medical Conduct subsequently charged petitioner with 10 specifications of professional misconduct regarding nine New York Downtown Hospital patients, who were designated in the statement of charges as patients A through I. Following a hearing, respondent’s Hearing Committee sustained one specification of practicing the profession with incompetence on more than one occasion (see Education Law § 6530 [5]) pertaining to petitioner’s care and treatment of patients E, H and I. That determination was upheld by the Administrative Review Board for Professional Medical Conduct (hereinafter ARB).
Because petitioner, as a medical resident, was not licensed to practice medicine in New York, the penalty imposed by the ARB placed limitations on petitioner’s receipt of such a license in the future. Specifically, before a license is issued to petitioner, she must submit to a Public Health Law § 230 (7) (a) proceeding and comply with any order that results therefrom. If a license is thereafter issued, petitioner will be subject to a three-year period of probation.
Petitioner commenced this CPLR article 78 proceeding pursuant to Public Health Law § 230-c (5) contending that there is no rational basis for the determination that she practiced with incompetence on more than one occasion. She also argues that she was denied the right to due process and a fair hearing, and that the penalty imposed is an abuse of discretion. Finding no merit to these arguments, we affirm the determination in all respects.
Incompetence, as defined by both the Hearing Committee and the ARB, is the lack of skill or knowledge necessary to practice the profession. Here, the testimony and documentary evidence support the Hearing Committee’s factual findings. Specifically, the Hearing Committee found that petitioner (1) incorrectly reported on the nature and results of an imaging study on patient E, stating that the patient’s CT scan was normal when, in fact, the patient had not been given a CT scan, but rather an X ray that showed a dangerous dilated loop bowel; (2) failed to properly prepare patient H for surgery, instead using the same sponge stick to clean both the patient’s vagina and her abdomen, and then resisted correction by arguing that her technique was proper; and (3) when told to apply suprapubic pressure during a difficult birth, applied pressure in the wrong area of patient I’s abdomen which, instead of dislodging the baby, wors *1068 ened the problem by pushing the baby into the pubic bone. Although petitioner offers a different version of these events, credibility determinations are solely within the province of the administrative factfinder (see Matter of Nisi v New York State Dept. of Health, 70 AD3d 1211, 1213 [2010]; Matter of Arnett v New York State Dept. of Health, 69 AD3d 1001, 1003 [2010], lv denied 14 NY3d 707 [2010]). Here, the Hearing Committee found the Bureau’s witnesses to be credible and discounted petitioner’s testimony, noting that petitioner testified in a paranoid and unfocused manner, blamed others, and believed that there was a conspiracy against her. Upon our review of the record, and deferring to those credibility determinations, we find that the determination sustaining the charge of practicing the profession with incompetence on more than one occasion is factually supported and has a rational basis (see Matter of Roumi v State Bd. for Professional Med. Conduct, 89 AD3d 1170, 1171-1172 [2011]; Matter of Sidoti v State Bd. for Professional Med. Conduct, 55 AD3d 1162, 1164-1166 [2008]).
As to petitioner’s procedural claims, the Administrative Law Judge did not err in conducting the first day of the two-day hearing in petitioner’s absence. Petitioner was given the required notice and opportunity to be heard, and due process does not require her presence at the hearing (see Matter of Sokol v New York State Dept. of Health, 223 AD2d 809, 811 [1996], appeal dismissed 87 NY2d 1054 [1996]; Matter of Mujtaba v New York State Educ. Dept., 148 AD2d 819, 820 [1989]), particularly where, as here, petitioner had previously indicated that she did not intend to appear. Nor was petitioner prejudiced by the Administrative Law Judge’s decision to begin the prehearing conference before petitioner was connected by telephone, as the record shows that once petitioner was on the line, she was given an opportunity to be heard on all exhibits that were discussed in her absence. Finally, contrary to petitioner’s contention, the Hearing Committee was entitled to consider hearsay evidence in reaching its conclusion on the charges (see Public Health Law § 230 [10] [f]; Matter of Eisenberg v Daines, 99 AD3d 1117, 1118-1119 [2012]).
With regard to the penalty, we do not find it “so incommensurate with the offense as to shock one’s sense of fairness” (Matter of Nisi v New York State Dept. of Health, 70 AD3d at 1213 [internal quotation marks and citations omitted]). Based upon the record, and given our “highly deferential” standard of review of penalty determinations (Matter of Singh v New York State Dept. of Health Bd. of Professional Med. Conduct, 74 AD3d 1391, 1393 [2010] [internal quotation marks and citation omit *1069 ted]), we cannot say that conditioning petitioner’s license upon her participation in a Public Health Law § 230 (7) (a) proceeding and her compliance with any order that issues therefrom is a disproportionate response to her conduct, nor are we convinced that the ARB abused its discretion by ordering a period of probation should a license eventually be issued.
Peters, P.J., Rose and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.