This opinion is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------------

No. 4
In the Matter of Mariah Corrigan, et al.,
                    Appellants,
          v.
New York State Office of Children and Family Services, et al.,
                    Respondents.


          Peter D. Hoffman, for appellants.
          Valerie Figueredo, for respondents.


FAHEY, J.:

          Here we address whether a statutory procedure allowing for early expungement of reports relating to alleged child abuse applies when the parents are not formally investigated but are instead assigned to the Family Assessment Response track pursuant to Social Services Law § 427-a.

- 1 -

I.

In February 2013, the Statewide Central Register maintained by the State Office of Children and Family Services (OCFS) received a telephone call alleging educational neglect by petitioners.  OCFS referred the report to the Westchester County Department of Social Services, Office of Child Protective Services (CPS), pursuant to Social Services Law § 422 (2) (a) (providing that allegations in a telephone call to the Statewide Central Register that could reasonably constitute a report of child abuse or maltreatment must be transmitted by OCFS "to the appropriate local child protective service for investigation").  Based on an initial safety assessment (see Social Services Law § 427-a [4] [c]), CPS decided that the case was eligible to proceed under the Family Assessment Response track (FAR track) pursuant to Social Services Law § 427-a.  Under this statutory framework, a social services district may establish a program designed to "meet the needs of [families] without engaging in a traditional child protective services investigation" (Social Services Law § 427-a [4] [d] [i]).  The caseworker submitted the case for closure in the month after the report was received, without recommending any services.

Petitioners, seeking to have their names formally cleared, wrote to OCFS to request expungement of the FAR records and report.  The Director of the Statewide Central Register, believing petitioners to be seeking administrative review,

replied that OCFS could not comply with their request because petitioners had been placed on the FAR track, rather than the standard investigative track in which parents may challenge what is known as an "indicated report," i.e. a finding that credible evidence of alleged abuse or maltreatment exists (see Social Services Law §§ 412 [7], 422 [8]).  Petitioners then retained counsel, to whom an OCFS attorney explained that "[t]he statute does not afford the subject of a FAR report the ability to seek expungement of the report," while emphasizing that the record of a FAR track case is sealed.

Petitioners commenced this CPLR article 78 proceeding against OCFS and the Director of its Central Register, challenging, as "arbitrary and capricious" and "an abuse of discretion," OCFS's determination to deny them the opportunity to seek early expungement of the educational neglect report. Petitioners noted that a process for seeking early expungement of a report is available to parents who have been investigated by OCFS (see Social Services Law § 422 [5] [c]), and contended that the statute governing the FAR track must be interpreted to include the same.  The petition contained no challenge to the FAR statute on constitutional grounds.  Respondents moved to dismiss, and Supreme Court granted the motion, on the ground that no statutory authority exists for early expungement of a FAR report.

The Appellate Division affirmed (129 AD3d 1073 [2d Dept 2015]), reasoning that the Legislature's failure to include in

Social Services Law § 427-a any provision for early expungement, "when it had, prior to the enactment of Social Services Law § 427-a, included such a provision in a statute within the same statutory scheme, should be construed as indicating that the exclusion was intentional" (id. at 1075-1076 [internal quotation marks omitted]).  The Appellate Division added that in its view the Legislature would not have deemed it appropriate to include a process for requesting early expungement of a FAR track report because "the stated purpose in enacting the differential response approach implemented by section 427-a was to avoid any consideration of the truth or falsity of the allegations of abuse or maltreatment in appropriate cases" (id. at 1076).

We granted petitioners leave to appeal to this Court and now affirm.

## II.

The FAR track created by Social Services Law § 427-a is "an alternative means of addressing certain matters otherwise investigated as allegations of child abuse or maltreatment" (Social Services Law § 427-a [1]).  The Legislature, which introduced the FAR process in 2007 (see L 2007, ch 452), believed that where there are no immediate or high-risk safety concerns the needs of families can often be better served by a "non-investigative, non-adversarial, service-oriented approach" (Senate Introducer Mem in Support, Bill Jacket, L 2007, ch 452 at 13), and that by "[r]emoving the stigma often associated with

being reported to [the Statewide Central Register] and creating a less hostile and suspicious environment where the involvement of community resources rather than government agencies is encouraged, families will be more likely to cooperate with case workers and accept offers of support services, ultimately resulting in safer children at home" (Letter from Assembly Member Amy R. Paulin to David Nocenti, Counsel to the Governor, in Bill Jacket, L 2007, ch 452 at 9).  Under the FAR approach, the local child protective service avoids "a formal determination that abuse or maltreatment has occurred" and instead employs a "family-centered approach" to "strengthen families . . . without jeopardizing the safety of children" (Senate Introducer Mem in Support, Bill Jacket, L 2007, ch 452 at 12, 13; see also 18 NYCRR 432.1 [ad]; 432.13 [a] [1]).  Introduced as a pilot program, the FAR track was made permanent in 2011 (see L 2011, ch 45).

This appeal centers on disparities between the FAR track and the pre-existing investigative track governing allegations of child abuse or maltreatment, and the significance of those differences.  Social Services Law § 422 is the statute governing the investigative track.  It requires that records of reports to the Statewide Central Register be preserved by OCFS for "ten years after the receipt of the report" if the report is determined to be unfounded (Social Services Law § 422 [5] [b]; see L 1996, ch 12) and for "ten years after the eighteenth birthday of the youngest child named in the report" if the report

is determined to be "indicated" (Social Services Law § 422 [6]).
At the same time, the statute expressly provides that after the
ten years have elapsed the reports "shall be expunged" (Social
Services Law § 422 [5] [b], [6]).

Social Services Law § 422 further established, by
amendment adopted in 2000, a means whereby parents could seek
early expungement of sealed unfounded reports, if either "(i) the
source of the report was convicted of a violation of [Penal Law
§ 240.55 (3) (falsely reporting an incident in the second
degree)] in regard to such report; or (ii) the subject of the
report presents clear and convincing evidence that affirmatively
refutes the allegation of abuse or maltreatment; provided
however, that the absence of credible evidence supporting the
allegation of abuse or maltreatment shall not be the sole basis
to expunge the report" (Social Services Law § 422 [5] [c]; see L
2000, ch 555).

The FAR track statute, Social Services Law § 427-a,
mirrors Social Services Law § 422 in some respects, but differs
in others.  Section 427-a provides that when a report is included
in the FAR track, the Statewide Central Register's "records . . .
of such report" are "legally sealed" and "maintained at the
[S]tatewide [C]entral [R]egister . . . for ten years after the
report was made" (Social Services Law § 427-a [4] [c] [i]; see

also § 427-a [5] [c]).[1]  The requirement that FAR track records
be preserved by OCFS for ten years resembles the similar
requirement in the investigative track.  The purpose is "to
protect the safety and welfare of a child whose family received
FAR services and who subsequently becomes the subject of a report
of suspected child abuse or maltreatment" (Letter from Assembly
Member Amy R. Paulin to Mylan Denerstein, Counsel to the
Governor, in Bill Jacket, L 2011, ch 377 at 7).

On the other hand, Social Services Law § 427-a includes
no provision corresponding to the mechanism for parents to seek
early expungement of sealed unfounded reports available in the
traditional investigative track.  Indeed, in Social Services Law

---

[1]     Reports assigned to the FAR track and the records
created thereunder are confidential and accessible only by
"(i) staff of [OCFS] and persons designated by [OCFS];
(ii) the social services district responsible for the [FAR] track
case;
(iii) community-based agencies that have contracts with the
social services district to carry out activities for the district
under the [FAR] track;
(iv) providers of services under the [FAR] track;
(v) any social services district investigating a subsequent
report of abuse or maltreatment involving the same subject or the
same child or children named in the report;
(vi) a court, but only while the family is receiving services
provided under the [FAR] track and only pursuant to a court order
or judicial subpoena, issued after notice and an opportunity for
the subject of the report and all parties to the present
proceeding to be heard, based on a judicial finding that such
reports, records, and any information concerning such reports and
records, are necessary for the determination of an issue before
the court. . . . and
(vii) the subject of the report included in the records of the
[FAR] track" (Social Services Law § 427-a [5] [d]).

§ 427-a, there is no reference to expungement at all.  The obligation to maintain the sealed record of a report assigned to the FAR track exists for no more than 10 years, but no statutory duty to expunge is expressly stated.

Petitioners contend that the right to seek early expungement may be inferred from the silence of Social Services Law § 427-a on this topic.  We disagree.  Principles of statutory construction teach that "the failure of the Legislature to include a substantive, significant prescription in a statute is a strong indication that its exclusion was intended" (People v Finnegan, 85 NY2d 53, 58 [1995], rearg denied 85 NY2d 968, cert denied 516 US 919; see also e.g. Pajak v Pajak, 56 NY2d 394, 397 [1982]).  Moreover, this is not a case in which the two statutes that petitioners seek to interpret in identical fashion "relate to the same subject matter, contain identical language and were adopted together" (Matter of Albany Law School v New York State Off. of Mental Retardation & Dev. Disabilities, 19 NY3d 106, 121 [2012]).  Rather, the FAR track was created as a new and entirely separate means of addressing certain allegations of child abuse in a program geared toward the provision of social services, rather than an investigation assessing blame.  In other words, the subject matter of the FAR track cannot be deemed identical to that of a traditional child abuse investigation.

In any event, while we have said that "[c]ourts must harmonize the various provisions of related statutes and construe

them in a way that renders them internally compatible" (Matter of
Dutchess County Dept. of Social Servs. v Day, 96 NY2d 149, 153
[2001] [internal quotation marks and square brackets omitted]),
there is no conflict between the related statutes here.
Petitioners allege inequity, not inconsistency.  As they see it,
"a person not suspected of child abuse" and placed on the FAR
track has fewer remedies than one "who was suspected of child
abuse, which suspicion was later determined unfounded" upon
investigation.  The proper resolution of this criticism, however,
requires the weighing of policy concerns, including the state's
need to retain records concerning a parent accused of child abuse
or maltreatment and the desire of a parent for the elimination of
unjust stigma.  This is a task for the Legislature, not the
courts.

          Petitioners argue for the first time on appeal that
Social Services Law § 427-a is unconstitutional as applied,
because the absence of an early expungement provision is not
rationally related to a legitimate government objective.  The
constitutional claim is not properly before us.  "Judicial review
of administrative determinations pursuant to CPLR article 78 is
limited to questions of law," and "[u]npreserved issues are not
issues of law" (Matter of Khan v New York State Dept. of Health,
96 NY2d 879, 880 [2001]).

          Accordingly, the order of the Appellate Division should
be affirmed, with costs.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Order affirmed, with costs.  Opinion by Judge Fahey.  Judges
Rivera, Abdus-Salaam, Stein and Garcia concur.  Chief Judge
DiFiore and Judge Wilson took no part.

Decided February 9, 2017