Rose, J.
 

 Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct, among other things, suspending petitioner’s license to practice medicine in New York.
 

 Petitioner is a physician licensed to practice medicine in New York and specializing in psychiatry. In 2013, she was convicted of criminal mischief in the fourth degree after she engaged in a verbal altercation with a stranger in a parking lot and then intentionally scratched the stranger’s vehicle with a key. As part of her sentence, petitioner was required to complete, among other things, an anger management course. The Bureau of Professional Medical Conduct thereafter commenced an expedited referral proceeding against petitioner, charging her with professional misconduct based upon her conviction. At the ensuing hearing, petitioner repeatedly disrupted the proceedings and continued to challenge the validity of her conviction, despite the fact that she was notified that the hearing was strictly limited to the nature and severity of the penalty to be imposed (see Public Health Law § 230 [10] [p]). Ultimately, a Hearing Committee of the State Board for Professional Medical Conduct sustained the charge, suspended petitioner’s medical license for a period of one year, with the last six months stayed, placed her on probation for two years and required her to complete an anger management course as a condition of her probation. Petitioner appealed to respondent Administrative Review Board for Professional Medical Conduct (hereinafter ARB), and the ARB affirmed the finding of misconduct, but modified the penalty by overturning the two-year period of probation and requesting the Office for Professional Medical Conduct to convene an evaluation committee to determine whether petitioner should undergo a psychiatric examination (see Public Health Law § 230 [7] [a]). This CPLR article 78 proceeding ensued.
 

 Petitioner contends that the ARB’s penalty determination was improperly based upon her conduct at the hearing and that the penalty imposed was grossly disproportionate to her offense. We cannot agree. “The standard of review we must accord to penalty determinations in proceedings of this nature is ‘highly deferential’ ” (Matter of Singh v New York State Dept. of Health Bd. of Professional Med. Conduct, 74 AD3d 1391, 1393 [2010], quoting Matter of Nisi v New York State Dept. of Health, 70 AD3d 1211, 1214 [2010]), and we will not disturb a penalty unless it is “so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one’s sense of fairness” (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974] [internal quotation marks and citation omitted]; see Matter of Casamassima v New York State Dept. of Health, Admin. Review Bd. for Professional Med. Conduct, 135 AD3d 1200, 1201 [2016], lv denied 27 NY3d 912 [2016]).
 

 The ARB’s penalty determination was properly based upon petitioner’s professional misconduct as well as her conduct at the hearing, as the latter was evidence of her refusal to accept responsibility for the actions resulting in her conviction (see Matter of Celestin v Novello, 43 AD3d 545, 546 [2007]; cf. Matter of Bursztyn v Novello, 42 AD3d 596, 598 [2007]). We also agree with the ARB that petitioner’s conduct at the hearing established her continued inability to control her emotions, which directly related to her conviction and her profession as a psychiatrist. Further, contrary to petitioner’s contention, the ARB did not err in finding that there was conflicting evidence concerning whether she completed her criminal sentence. Even if we were to credit petitioner’s assertion that she completed her sentence, we must agree with, the ARB that such completion would not present any mitigation in light of her continued inability to control her emotions. After considering all of the facts and circumstances of this case, we cannot say that the penalty is so disproportionate to petitioner’s offense as to shock one’s sense of fairness. Petitioner’s remaining claims have been reviewed and determined to be without merit.
 

 McCarthy, J.P., Lynch, Clark and Pritzker, JJ., concur.
 

 Adjudged that the determination is confirmed, without costs, and petition dismissed.