Matter of Lowinger v New York State Div. of Hous. & Community Renewal (2018 NY Slip Op 03610)





Matter of Lowinger v New York State Div. of Hous. & Community Renewal


2018 NY Slip Op 03610


Decided on May 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 17, 2018

Sweeny, J.P., Richter, Tom, Kapnick, Webber, JJ.


4120 101277/14

[*1]In re Robert Lowinger, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, et al., Respondents-Respondents.


Warshaw Burstein, LLP, New York (Bruce H. Wiener of counsel), for appellant.
Mark F. Palomino, New York (Martin B. Schneider of counsel), for New York State Division of Housing and Community Renewal, respondent.
Rose & Rose, New York (Paul Coppe of counsel), for CS 393 LLC, respondent.



Order and judgment (one paper), Supreme Court, New York County (Joan B. Lobis, J.), entered January 15, 2016, inter alia, denying the petition to annul the order of respondent New York State Division of Housing and Community Renewal (DHCR), issued September 8, 2014, which upheld the denial of petitioner's rent overcharge complaint, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
DHCR's determination that the deregulation of petitioner's apartment, which preceded his tenancy, was not fraudulent is not arbitrary and capricious and has a rational basis (see generally Flacke v Onondaga Landfill Sys., 69 NY2d 355, 363 [1987]). The determination was based upon the finding that the apartment was subject to vacancy and individual apartment improvement increases, which was supported by a November 2006 agreement, a counter-signed proposal, canceled checks, an invoice, petitioner's February 2007 punch list of items of work remaining to be performed before the commencement of his tenancy, and petitioner's execution of a lease (see Matter of Hanjorgiris v Lynch, 298 AD2d 251 [1st Dept 2002]). Petitioner's vague and conclusory claim that the work was not performed well and cost less than claimed by the former owner is insufficient to compel a contrary finding (id.). The allegation of a fraudulent scheme to deregulate, without more, does not trigger a duty to investigate the claim (see Matter of Boyd v New York State Div. of Hous. & Community Renewal, 23 NY3d 999 [2014]).
Petitioner's argument that the apartment is subject to rent stabilization due to Rent Stabilization Code [9 NYCRR] § 26-504.2 is not properly before us because it was never raised in the administrative proceeding (see Matter of Corrigan v New York State Off. of Children & Family Servs., 28 NY3d 636, 643 [2017] ["(j)udicial review of administrative determinations pursuant to CPLR article 78 is limited to questions of law, and (u)npreserved issues are not issues of law"] [internal quotation marks omitted]). We have no authority to reach this unpreserved issue in the interest of justice (see Green v New York City Police Dept., 34 AD3d 262, 263 [1st Dept 2006]).[FN1]
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 17, 2018
CLERK



Footnotes

Footnote 1: We also note that petitioner's argument is unavailing in light of the Court of Appeals decision in Altman v 285 W. Fourth, LLC (__NY3d__, 2018 NY Slip Op 02829 [2018]).