Matter of Savino v Zucker (2021 NY Slip Op 00472)





Matter of Savino v Zucker


2021 NY Slip Op 00472


Decided on January 28, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

530585

[*1]In the Matter of Thomas Savino, Petitioner,
v
Howard A. Zucker, as Commissioner of Health, Respondent.

Calendar Date: January 11, 2021

Before: Lynch, J.P., Clark, Mulvey, Pritzker and Colangelo, JJ.


Jacobson Goldberg & Kulb, LLP, Garden City (Jeffrey A. Granat of counsel), for petitioner.
Letitia James, Attorney General, New York City (Erin R. McAlister of counsel), for respondent.



Clark, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct revoking petitioner's license to practice medicine in New York.
In 2018, petitioner — a physician formerly licensed to practice medicine in New York — was convicted of various federal crimes stemming from his acceptance of cash bribes in exchange for referring the blood specimens of his patients to a certain laboratory services company. Petitioner was sentenced to 48 months in federal prison and ordered to pay fines totaling $100,000, as well as forfeit the proceeds of his crimes. The Bureau of Professional Medical Conduct thereafter commenced an expedited referral proceeding against petitioner, charging him with professional misconduct based upon his convictions (see Education Law § 6530 [9] [a] [ii]; Public Health Law § 230 [10] [p]). As a penalty for his conduct, a Hearing Committee of the State Board for Professional Medical Conduct revoked petitioner's medical license. Petitioner appealed to the Administrative Review Board for Professional Medical Conduct (hereinafter ARB), and the ARB, which was operating with only four members at the time,[FN1] affirmed. Petitioner then commenced this CPLR article 78 proceeding to challenge the penalty imposed upon him.
Where, as here, this Court is asked to review the penalty determination of the ARB, we apply a "highly deferential" standard of review (Matter of Nisi v New York State Dept. of Health, 70 AD3d 1211, 1214 [2010]; see Matter of Elbaz v New York State Dept. of Health, 156 AD3d 972, 973 [2017]). Indeed, this Court will not disturb a penalty imposed by the ARB unless it is so disproportionate to the offense as to be shocking to one's sense of fairness (see Matter of Elbaz v New York State Dept. of Health, 156 AD3d at 973; Matter of Poulose v Shah, 96 AD3d 1205, 1207 [2012], appeal dismissed 19 NY3d 1015 [2012]). We cannot reach that conclusion here.
As recognized by the Hearing Committee, petitioner failed to acknowledge any wrongdoing or accept responsibility for his actions and thereby demonstrated a lack of insight into the harm caused by those actions. Given the seriousness of petitioner's offenses and his failure to accept responsibility for his actions, we cannot say that the revocation of petitioner's medical license was so disproportionate to the offense as to shock one's sense of fairness (see Matter of Ogundu v State of N.Y. Dept. of Health, State Bd. for Professional Med. Conduct, 188 AD3d 1469, 1471 [2020]; Matter of Celestin v Novello, 43 AD3d 545, 546 [2007]). Contrary to petitioner's contention, the fact that other physicians convicted of similar crimes may have received a lesser penalty than license revocation is of no moment, as "each case must be judged on its own peculiar facts and circumstances" (Matter of Bezar v DeBuono, 240 AD2d 978, 979 [1997]; see Matter of Singh [*2]v New York State Dept. of Health Bd. of Professional Med. Conduct, 74 AD3d 1391, 1394 [2010]). Further, although the record reflects that some members of the ARB were in favor of reducing the penalty, a majority of the four members could not reach a consensus as to the degree of any such reduction in penalty. Given that a majority consensus could not be achieved, we discern no error in the ARB's determination to leave the penalty imposed by the Hearing Committee undisturbed and find there to be no violations of petitioner's due process rights (see generally Public Health Law § 230-c [4] [c]; Matter of Wolkoff v Chassin, 89 NY2d 250, 255 [1996]).
Petitioner's remaining contentions have been reviewed and found to be without merit.
Lynch, J.P., Mulvey, Pritzker and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Although the ARB did not have its full statutory complement of five members (see Public Health Law § 230-c [2]), it acted with a quorum and, thus, contrary to petitioner's assertion, was legally constituted (see General Construction Law § 41; Matter of Wolkoff v Chassin, 89 NY2d 250, 255-256 [1996]).