Matter of Reynoso v New York City Off. of Admin. Trials & Hearings (2022 NY Slip Op 00521)





Matter of Reynoso v New York City Off. of Admin. Trials & Hearings


2022 NY Slip Op 00521


Decided on January 27, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 27, 2022

Before: Kapnick, J.P., Gesmer, González, Kennedy, Shulman, JJ. 


Index No. 260801/19E Appeal No. 15167 Case No. 2021-01250 

[*1]In the Matter of Felix Reynoso, Petitioner,
v
New York City Office of Administrative Trials and Hearings, Respondent.


Douglas Kaplan, Merrick, for petitioner.
Georgia M. Pestana, Corporation Counsel, New York (Jeremy Pepper of counsel), for respondent.



Determination of respondent, dated June 27, 2019, which affirmed the Hearing Officer's decision to the extent of finding violations of Administrative Code § 28-205.1 and -210.1, and imposing a total civil penalty of $20,350, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order, Supreme Court, Bronx County [Howard H. Sherman, J.], entered on or about December 28, 2020) dismissed, without costs.
The determination sustaining the summonses insofar as indicated is supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-182 [1978]), including the inspecting officer's written statements in the summonses and his testimony at the hearing. There is no basis for disturbing the Hearing Officer's affirmed findings that the inspector testified credibly, and that petitioner's testimony and documentary evidence generally lacked credibility (see e.g. Matter of Umeokafor v City of New York, 199 AD3d 435 [1st Dept 2021]). In an article 78 proceeding, "courts may not weigh the evidence or reject the choice made by [the agency] where the evidence is conflicting and room for choice exists" (Matter of Berenhaus v Ward, 70 NY2d 436, 444 [1987] [internal quotation marks omitted]).
Petitioner affirmatively waived and failed to preserve his arguments that a witness was prevented from testifying because no interpreter was provided, and that the hearing examiner improperly limited petitioner's cross-examination of the inspector. This Court has "no discretionary authority" to "reach [] an unpreserved issue in the interest of justice" in an article 78 proceeding (Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001] [internal quotation marks omitted]; see e.g. Green v New York City Police Dept., 34 AD3d 262, 263 [1st Dept 2006]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2022