Matter of Cho v New York State Dept. of Health, Bd. of Professional Med. Conduct (2025 NY Slip Op 06234)

Matter of Cho v New York State Dept. of Health, Bd. of Professional Med. Conduct

2025 NY Slip Op 06234

Decided on November 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 13, 2025

CV-24-1343
[*1]In the Matter of Woojin Cho, Petitioner,
v
New York State Department of Health, Board of Professional Medical Conduct, et al., Respondents.

Calendar Date:September 9, 2025

Before:Garry, P.J., Aarons, Fisher, McShan and Mackey, JJ.

Ruskin Moscou Faltischek, PC, Uniondale (Douglas M. Nadjari of counsel), for petitioner.
Letitia James, Attorney General, New York City (Julia Busetti of counsel), for respondents.

McShan, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct revoking petitioner's license to practice medicine in New York.
Petitioner was an orthopedic surgeon licensed to practice medicine in New York. In July 2022, petitioner was convicted of three crimes arising from misconduct with a female patient — namely, forcible touching (see Penal Law § 130.52 [1]), sexual abuse in the third degree (see Penal Law § 130.55) and harassment in the second degree (see Penal Law § 240.26 [1]) and sentenced to an aggregate total of nine months in jail (see People v Woojin Cho, 79 Misc 3d 127[A], 2023 NY Slip Op 50651[U] [App Term, 1st Dept 2023], lv denied 40 NY3d 1041 [2023], cert denied ___ US ___, 144 S Ct 1100 [2024]). As a result of his conviction, the Bureau of Professional Medical Conduct issued a notice of referral and statement of charges alleging that petitioner's conviction constituted professional misconduct (see Education Law § 6530 [9] [a] [i]) and a hearing was scheduled for November 2023 before a Hearing Committee of respondent State Board of Professional Medical Conduct. Following the conclusion of the hearing, the Hearing Committee rendered a divided decision, finding by a two-to-one vote that petitioner's actions warranted a penalty but that, given testimony regarding petitioner's good character and his contribution to the medical community, petitioner's license should be suspended only until he fulfilled specific medical education requirements pertaining to professional boundaries and sexual misconduct.
Thereafter, the Bureau sought review of the Hearing Committee's determination by the Administrative Review Board for Professional Medical Conduct (hereinafter the ARB). After reviewing the parties' respective submissions, the ARB agreed with the Hearing Committee that petitioner's actions constituted professional misconduct but determined that his license to practice medicine in New York should be revoked. Petitioner commenced this proceeding challenging only the penalty of license revocation.
Petitioner argues, in sum and substance, that the ARB's determination as to the penalty of revocation is unsupported by the administrative record. Our review of the ARB's determination following its review of findings made by the Hearing Committee "is limited to analyzing whether the ARB's determination was arbitrary and capricious, affected by error of law or an abuse of discretion" (Matter of Mandelstam v McDonald, 229 AD3d 912, 913 [3d Dept 2024] [internal quotation marks and citations omitted]). "The ARB is authorized to increase the penalty of the [Hearing] Committee" in its discretion (Matter of Nisi v New York State Dept. of Health, 70 AD3d 1211, 1213 [3d Dept 2010]), "and such penalty will only be disturbed if it is so disproportionate to the offense that it is shocking to one's sense of fairness" (Matter [*2]of Imam v New York State Bd. for Professional Med. Conduct, 189 AD3d 2009, 2010 [3d Dept 2020] [internal quotation marks and citations omitted]; see Matter of Savino v Zucker, 190 AD3d 1243, 1244 [3d Dept 2021]).
To begin, petitioner argues that the ARB improperly engaged in fact-finding beyond those facts determined by the Hearing Committee by relying on the criminal complaint underlying his criminal proceeding, which violated his right to due process — specifically, the right to cross-examine the author of the criminal complaint. Notably, petitioner consented to the admission of the criminal complaint and its contents, thus contradicting his claim that the ARB improperly determined facts not found by the Hearing Committee. More importantly, petitioner failed to raise that argument before the Hearing Committee when it could be readily addressed, rendering his due process argument unpreserved (see Matter of Autz v New York State Justice Ctr. for the Protection of People with Special Needs, 215 AD3d 1086, 1090 [3d Dept 2023], lv denied 40 NY3d 905 [2023]; Matter of Reynoso v New York City Off. of Admin. Trials & Hearings, 201 AD3d 605, 606 [1st Dept 2022]; Matter of Dowling v Gardner, 198 AD3d 1056, 1057 [3d Dept 2021], lv denied 37 NY3d 919 [2022]; Matter of Salu v NYS Justice Ctr. for the Protection of People with Special Needs, 190 AD3d 1059, 1062-1063 [3d Dept 2021], lv denied 37 NY3d 903 [2021], cert denied ___ US ___, 142 S Ct 802 [2022]). As "[j]udicial review of administrative determinations pursuant to CPLR article 78 is limited to questions of law, and unpreserved issues are not issues of law" (Matter of Corrigan v New York State Off. of Children & Family Servs., 28 NY3d 636, 643 [2017] [internal quotation marks, brackets and citation omitted]), this Court lacks the discretion to consider petitioner's argument (see Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]; Matter of Parsons v New York State Dept. of Motor Vehs. Appeals Bd., 224 AD3d 1263, 1264 [4th Dept 2024]).
We also find no merit to petitioner's contention that the Hearing Committee improperly determined that his conduct had occurred with his patient during a patient encounter. Petitioner acknowledged during his testimony that the victim was his patient, and his brief to the ARB conceded that his criminal conviction stemmed from a complaint by the patient that he had engaged in sexually abusive conduct during a medical examination (see generally Matter of Agudio v State Univ. of N.Y., 164 AD3d 986, 988 [3d Dept 2018]). As to the other factors considered, petitioner's argument that the ARB arbitrarily discounted or misapprehended his evidence in mitigation is roundly contradicted by the ARB's findings in its decision (see Matter of Ross v New York State Dept. of Health, 226 AD2d 863, 865 [3d Dept 1996]). Petitioner's argument distills to a disagreement with the weight ascribed to those factors; however, as "each case must be judged on its own facts and [*3]circumstances," the ARB's overall consideration is entitled to deference (Matter of Moon Ho Huh v New York State Dept. of Health, Bd. for Professional Med. Conduct, 256 AD2d 933, 935 [3d Dept 1998]; see Matter of Ogundu v State of N.Y. Dept. of Health, State Bd. for Professional Med. Conduct, 188 AD3d 1469, 1471 [3d Dept 2020]; Matter of Zharov v New York State Dept. of Health, 4 AD3d 580, 580 [3d Dept 2004]). To that end, we find that the ARB could rationally conclude that petitioner lacked remorse for his misconduct and presented a danger to the public based upon the nature of his misconduct as well as his own testimony, which included his stated belief that the "patient [had] some delusionary issues" (see Matter of Elbaz v New York State Dept. of Health, 156 AD3d 972, 973 [3d Dept 2017]; Matter of Zharov v New York State Dept. of Health, 4 AD3d at 581). All told, we find no basis to determine that the penalty of revocation imposed by the ARB is shocking to one's sense of fairness (see Matter of Savino v Zucker, 190 AD3d at 1243). Petitioner's remaining arguments have been considered and found unavailing.
Garry, P.J., Aarons, Fisher and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.